## THOMPSON *v.* SALMON.

A TENANT in common of lands, employed as agent by special agreement between himself and cotenant to take charge of the land, make sales thereof at certain prices—receiving a commission of five per cent. on sales—may sue his cotenant for the services rendered, in respect to the land, outside of selling it.

The fact, in such case, that the agent renders from time to time an account of his sales, deducting his disbursements for taxes, costs of suits, his commissions, etc., without including any charge for his other services—as superintending a large number of suits, hunting up witnesses, ascertaining the portion of land on which each squatter was settled, etc.—does not preclude him from afterwards making a monthly charge for these latter services, whatever may be the effect of his omission to include such charge in his accounts as against the reasonableness of the charge.

APPEAL from the Fourth District.

Suit for services rendered during two years, at two hundred dollars per month. The defendant and others, being the owners of the Roblar rancho with plaintiff, employed the plaintiff to take charge of the same and sell the land in small tracts to settlers and others, he to receive a commission upon all sales of five per cent. Having taken charge of the estate, plaintiff made numerous sales; during his employment he rendered five different accounts current, showing the amount of sales, all money disbursements for taxes, costs paid in divers suits, recording, etc., etc. These accounts are dated

respectively June 1st, 1855, August 1st, 1858, January 21st, 1859, April 1st, 1859, and October 29th, 1859. In the accounts, plaintiff retained out of moneys in his hands the proceeds of sales of lands, his commissions and disbursements. If the account showed a balance one way or the other, it was paid, except as to the last account, which shows a balance due defendant.

After the lapse of two years, and after the rendition of these accounts without claim for other services, this suit is brought for extra services, at the rate of two hundred dollars per month, for two years.

The point of dispute is whether, under the agreement between the parties, that plaintiff should take charge of the rancho and make sales, and receive a commission of five per cent. on sales, plaintiff's compensation for all services was covered by such commission. Plaintiff, in managing the rancho, brought twenty-seven suits against squatters, hunted up witnesses, ascertained the exact land each squatter occupied, made disbursements, etc. Various witnesses testified that his services in these respects were worth from two hundred to two hundred and twenty-five dollars per month.

The agreement between the parties was verbal, and it was proven by one or two of the other parties thereto that plaintiff was to receive the commission on sales, but that no stipulation was made as to other services, and that they had paid plaintiff in addition to said commission, various sums—one party fifty dollars per month extra. Verdict for plaintiff, $1,000. Judgment accordingly; defendant appeals.

*Monson & Sunderland,* for Appellant.

1. The contract covers all services to be rendered, as well as all compensation to be paid, to wit: five per cent. commissions on sales. The tenant in common cannot, as a rule, recover from his cotenants for personal services in superintending the common property. (1 Chitty Pl. 39, and authorities cited ; *Raun* v. *Reynolds,* 17 Cal.)

2. The rendition and settlement of the accounts bar plaintiff's right of recovery. (1 Kern. 173 ; 1 Denio, 304 ; 2 Seld. 461 ; 2 McCord, 11 ; 1 Abbott, 145.)

41

Thompson *v.* Salmon.

*Geo. Cadwalader*, for Respondent.

1. Plaintiff was defendant's agent for two purposes—the first involving the general superintendence of defendant's interest in the rancho; and the sale of land. Under the latter, from time to time, defendant made sales of land, reported the same to his principal, and deducted a charge of five per cent. on the sales. The accounts are nothing more or less than exhibits of the money account with defendant, and show upon their face exactly what they are. Under the first authority plaintiff performed services for defendant outside of the sales of land, and is entitled to extra compensation therefor.

2. The accounts rendered are only *prima facie* evidence that that they were for all services, but they worked no estoppel except as to the charges contained in them; and the proof of other services was legitimate. (1 Greenl. Ev. 271; 1 Phillips' Ev. 370; *Loveridge* v. *Botham*, 1 Bos. & P. 49; *Bonihe* v. *James*, 4 Mich. 336.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

It seems that the plaintiff was employed by special agreement as the agent of the defendant and others to render services in respect to the land in Sonoma. The fact, therefore, that he was himself an owner in the tract, does not prevent his enforcing his claim for compensation under his agreement. The compensation to be paid does not seem to have been agreed on. The defendant at different times returned accounts of moneys received, expenses paid and commissions retained on sales of the land, but not including the charge now made. This did not, we think, absolutely preclude him from making afterwards this monthly charge for services, whatever the effect of the admission as against the reasonableness of the charge. (1 Greenl. Ev. 212; *Loveridge* v. *Botham*, 1 B. & P. 49.) We do not understand that these accounts were offered as stated accounts, or as proofs of accounts stated. No instruction was asked on the trial on the subject, nor were other facts than the rendering of the accounts in this connection offered. The cases cited by the appellant do not therefore apply.

Judgment affirmed.