| 39 | 655 |
| 80 | 438 |
| 80 | 439 |

No. 2,137.

JOHN TIRRELL, RESPONDENT, v. WILLIAM J. JONES, APPELLANT.

INTEREST ON MONEY ADVANCED ON A CONTRACT.—In a contract between two parties, in which it is conditioned that one shall advance the necessary funds in the execution of the contract, and the other his services, skill and experience, and that each shall receive an equal portion of the profits, the party advancing the money is not entitled to interest on the same in the absence of any agreement that he should receive interest.

APPEAL from the District Court of the Seventh District, Solano County.

This is an action upon an alleged contract by which the plaintiff claims one half the profits made by the defendant in the purchase and sale of a lot of cattle.

It was alleged in the complaint that defendant agreed with plaintiff that if he would accompany him to the lower part of the State and lend his assistance and personal services in the purchasing, driving and taking care of a lot of cattle, he (defendant) would furnish all the money necessary in the business without charge therefor, and would market and sell

said cattle, and upon the completion of the contract would share equally the profits thereof with plaintiff.

The case was tried by a jury, who found: First—That there was a contract as set up in the complaint.    Second— That there was a profit of $2,018, and that "therefore we find for the plaintiff the sum of $1,009."

The defendant moved for a new trial, which was denied; and from the judgment and order denying a new trial this appeal is taken.

*M. A. Wheaton,* for Appellant.

The terms and conditions of an *express* contract cannot be drawn by implication from what transpires between the parties.    (2 Blackst. Com. 443; 2 Kent's Com. 450.)

"Express contracts are where the terms of the agreement are openly uttered and avowed at the time of the making." (2 Blackst. Com. 443.)

The promise of each must be concurrent and obligatory at the same time, to render either binding.    (*The Utica and Schenectady R. R. Co.* v. *Brinkerhoof,* 21 Wend. 139; see, also, *Burnett* v. *Biscoe,* 4 Johns. 235; *De Zeng* v. *Bailey & Poor,* 9 Wend. 336; *Comstock* v. *Smith,* 7 Johns. 87; *Cooke* v. *Oxley,* 3 T. R. 653 and 148; *Livingston* v. *Rogers,* 1 Caines, 585.)

The evidence shows that defendant kept money on hand for the express purpose of going into the enterprise, and offered to show what was the actual value of the use of the money.    We think it plain that in estimating "profits" the actual value of the use of the money necessarily employed is a legitimate item of expense, just as much as pasture, or anything else, and that the Court erred in not allowing us to prove it.

*William S. Wells,* for Respondent.

The question as to whether a contract was made, as is alleged, and the amount of profit accruing therefrom, was presented to the jury upon the evidence and by them determined; and whether the contract was usual or unusual, ordinary or extraordinary, was not for their determination.

Whatever it was, it was simply its enforcement that was sought in the Court. It seems enough· to say upon the point urged by the appellant, that this Court has held that it will not review such cases as are here presented, and that it is too late to urge the contrary. (*Kell* v. *Tubbs*, 32 Cal. 333; *Rice* v. *Cunningham*, 29 *Id.* 492; *Kimbal* v. *Gearhardt*, 12 *Id.* 27; *Wilkinson* v. *Parrott*, 32 *Id.*; *Lick* v. *Madden*, 36 *Id.* 213.)

The transaction between the parties was a simple one; the purchase and keeping of stock, the marketing of the property, and the division of the profits as the compensation of the plaintiff. The claim for interest finds no support, either in the terms or scope of the contract, and we find nothing in the authorities cited by appellant to require any particular attention.

CROCKETT, J., delivered the opinion of the Court:

We discover no error in this record. The testimony of the plaintiff proves the contract substantially as alleged in the complaint; and though the defendant contradicts the plaintiff in most of his material statements in respect to the contract, it is simply a case of conflicting evidence, on the credibility of which it was peculiarly the province of the jury to decide. The charge of the Court, we think, placed the case fairly before the jury, and we perceive no reason for disturbing the verdict. The item for interest on the money invested by the defendant in the enterprise was properly excluded by the Court. As we construe the contract, it was not within the contemplation of the parties that the defendant was to charge interest on the money to be advanced by him.

Judgment affirmed.