[Crim. No. 577.   Department Two.—December 29, 1899.]

## THE PEOPLE, Respondent, v. CAL CHILDS, Appellant.

CRIMINAL LAW—GRAND LARCENY—CONSPIRACY—EVIDENCE.—Upon the
trial of a defendant charged with grand larceny, which appears
to have been committed by aiding and abetting another person
in taking the stolen property from the person of the prosecuting
witness, it is necessary for the prosecution to show that the
two were co-conspirators in the commission of the crime; and
evidence that they were seen frequently together is not irrele-
vant to that issue.

ID.—POSSESSION OF STOLEN GOODS — INSTRUCTION — INAPT EXPRESSION
NOT PREJUDICIAL.—An instruction to the effect that the mere posses-
sion of stolen goods by the defendant is not sufficient of itself
alone to justify his conviction, but that "if there is any other
evidence tending to show guilt, taken in connection with the
possession of the stolen property, the rule is different," though
concluding with an inapt and somewhat ambiguous expression,
would be naturally understood by the jury as importing in its
conclusion that there might be other evidence which, taken in
connection with the circumstance of the possession of stolen
property, would be sufficient to convict; and where the charge
to the jury was on the whole correct, and favorable to the de-
fendant, the inapt expression, "the rule is different," could not
have influenced the jury prejudicially.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   Carroll Cook, Judge.

The facts are stated in the opinion of the court, and in the
opinion in the case of *People v. Piggott,* 126 Cal. 509.

George D. Collins, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr.,
Deputy Attorney General, for Respondent.

McFARLAND, J.—The defendant was indicted jointly with
one Piggott for the crime of grand larceny.   The defendants
demanded and had separate trials, and each was convicted as
charged.   This present appeal is taken by the defendant Childs
from the judgment and from an order denying a motion for a
new trial.   Piggott also appealed, and in his case the judgment
and order appealed from have been heretofore affirmed.

Most of the questions raised on this appeal were decided against the contentions of appellants in the said appeal of Piggott, and need not be here further considered. The evidence in this case is slightly different from that in the Piggott case; but the points that the evidence was insufficient to sustain the verdict, and that the court erred in refusing to instruct the jury that there was no evidence against the appellant, are as clearly not maintainable as the same contentions were in the Piggott case.

We observe only two points made here which did not arise in the Piggott case which are necessary to be noticed. The court did not err in permitting the prosecution to show that Childs and Piggott had been frequently seen together on occasions other than the one at which the larceny is alleged to have been committed. The evidence tended to show that Childs committed the larceny by aiding and abetting Piggott in taking the stolen property from the person of the complaining witness. It was necessary, therefore, for the prosecution to show that the defendants were co-conspirators in the commission of the crime; and it cannot be said that the fact of their being seen frequently together was entirely irrelevant, and did not tend in any degree whatever to establish the conspiracy. The other point to be noticed arises upon the contention of appellant that the judgment should be reversed on account of a certain part of the charge of the court to the jury. The court, having instructed the jury that the mere possession of the stolen goods by appellant would not of itself be sufficient to convict him, proceeded as follows: "In other words, no person can be convicted of crime merely by proof of being found in possession of stolen property; the possession of stolen property in and of itself, if there be no other evidence, either circumstantial or direct, would not be sufficient to convict anybody, but if there is any other evidence tending to show guilt, taken in connection with the possession of the stolen property, the rule is different." The last part of this language, to wit, "the rule is different," is an inapt and somewhat ambiguous termination of the sentence; but we do not think that the jury could have been influenced prejudicially to the appellant by the language used. The charge of the court to the jury was on the whole correct and

very favorable to appellant, and we do not think that the language above quoted could have led them astray. A critical examination of the part of the charge in question made afterward by counsel at their leisure, and with full time to closely compare each part of it with the context, may enable them to point out incongruities and even absurdities in the language used; but the jury when hearing it would evidently take it to mean merely that while the possession of stolen goods would not be of itself sufficient to warrant a conviction of a defendant charged with larceny, yet there might be in a case other evidence which, taken in connection with the circumstance of the possession of the stolen property, would be sufficient to convict. Counsel for appellant contends that the court intended to instruct, and did instruct, the jury that the possession of the stolen property would be sufficient to convict a defendant if there was any other evidence at all tending in the slightest degree to show his guilt; but we do not think that this is a correct statement of the meaning of the expression, or that the jury would take it with the meaning ascribed to it by appellant.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.