## HANDY v. VAN CORTLANDT REALTY CO.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

1. BROKERS (§ 39*)—COMMISSIONS—RIGHT TO RECOVER—PROCURING CAUSE OF SALE.

Where plaintiff, a broker employed to sell certain lots on commission, neither introduced the purchaser, negotiated the contract, nor proved that the contract made was the result of his efforts, he could not recover.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 37, 42, 64; Dec. Dig. § 39.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

2. BROKERS (§ 56*)—EMPLOYMENT—SALE.

Where plaintiff was employed by defendant to take charge of certain property and to receive a commission on sales, defendant agreeing to advance plaintiff $20 a week, to be credited on any commission that he might earn, and plaintiff, while so in charge of the property,.showed a portion thereof to one who was sent by defendant's manager, who subsequently negotiated the contract and made the sale, the only compensation to which plaintiff was entitled for his service in so showing the property was the advances, which he was entitled to regardless of whether he earned commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec. Dig. § 56.*]

Appeal from Appellate Term, First Department.

. Action by Henry Handy against the Van Cortlandt Realty Company. From a determination of the Appellate Term, affirming a judgment for plaintiff, and an order denying, defendant's motion for a new trial, defendant appeals by leave of court. Reversed and dismissed.

See, also, 139 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Robert Louis Hoguet, of New York City (Randolph W. Childs, of New York City, on the brief), for appellant.

. Max D. Josephson, of New York City, for respondent.

LAUGHLIN, J. The plaintiff was a real estate broker, and the defendant owned approximately one-third of the lots in a tract of land in Yonkers known as "Van Cortlandt Terrace." The complaint contains three counts for services and commissions, based upon an employment of the plaintiff by the defendant with respect to these lots. The first cause of action was withdrawn, and .the second, which was to recover $165 commissions for selling lot No. 122 to one Anderson in the month of May, 1911, was admitted. The third cause of action was to recover commissions for selling six other lots and part of a seventh the.same month to the George Edgar Company. The complaint shows that the defendant was entitled to credit or offset against the plaintiff's .claim the sum of $1,219.50 for moneys advanced by it to him to apply on commissions when earned, and judgment was demanded for the difference between the commissions and the advances on account of commissions, together with costs.

The defendant by its answer admitted the employment of the plaintiff to sell its lots in the tract known as "Van Cortlandt Terrace," and that it promised to pay a commission—the rate claimed by plaintiff—of 5 per centum on the selling price of all lots "the sale of which was due to" his efforts, and that the lots in question were sold and conveyed to the George Edgar Company for the consideration alleged; but it denied that the sale of the lots was due to the efforts of the plaintiff. The answer also contained a counterclaim for the sum which the plaintiff admitted defendant advanced on account of his commissions; and in pleading the counterclaim the defendant alleged that by the terms of its employment of the plaintiff it agreed to pay him—

"a commission of five per cent. (5%) upon the selling price of any and all property located at Van Cortlandt Terrace, at Yonkers, in the county .of

Westchester, state of New York, the sale of which was due to the efforts of this plaintiff, in pursuance of such employment aforesaid, and that meanwhile, and in the course of such employment, and pending the efforts of the plaintiff to bring about the sale of such real property, the defendant would allow the plaintiff a certain drawing account upon the defendant's funds, and would make certain advances of money to the plaintiff in the course thereof."

At the close of the evidence the counterclaim was withdrawn. It thus appears that the plaintiff's right to recover depends upon whether he established his third cause of action; and the amount which he was entitled to recover on proof of that cause of action was $887.50, and a verdict was rendered in his favor for that sum.

The plaintiff testified that he was employed by the general manager of the defendant "to take care of the property at Van Cortlandt Terrace," and that he did so and devoted his entire time, including holidays and Sundays, to the business, and was at the premises daily, looking after repairs to the houses, and attending to various matters for the company, and endeavoring to sell lots to "people who came there"; that he was to receive a commission of 5 per centum "for selling it"; that on two occasions he requested and obtained an advance of $100 on account of commissions, and thereafter, at his request, the defendant agreed to advance $20 per week on account of his commissions; and that from time to time as he sold lots the advances were deducted from the commissions earned. The testimony of Stewart, the general manager of the defendant, who employed the plaintiff, is substantially to the same effect. He says that the original agreement was to give the plaintiff a commission of 5 per centum "on any sales consummated by him for the Van Cortlandt Realty Company, less any commissions paid to other brokers who might introduce a customer to the property," and that the weekly allowance was subsequently made at plaintiff's request. The George Edgar Company was engaged in buying, improving, and selling lots. Mr. Edgar, the president of that company, having become interested for the company in premises in the vicinity of Van Cortlandt Terrace, asked the opinion of Mr. Stewart with respect thereto, and this inquiry led Stewart to suggest that he look at the defendant's lots.

It appears by the testimony of Edgar that he and Stewart had each been highly recommended to the other, so that they had trust and confidence in one another. Stewart directed Edgar to Van Cortlandt Terrace, and thereupon telephoned to the plaintiff, who occupied an office on the premises, and, according to the testimony of the plaintiff, which is controverted by that of Stewart, requested the plaintiff to make every effort to sell property to Edgar, who, he said, contemplated building and selling several houses. Mr. Edgar went to Van Cortlandt Terrace, and had an interview with the plaintiff, and looked at some of the lots, and according to the testimony of the plaintiff at all of the lots which his company subsequently purchased, but according to the testimony of Edgar at only one of them. The plaintiff merely recommended the property, and pointed out its advantageous location, and, at most, gave Edgar the listed selling price of the lots, and informed him that lower prices were customarily given. He, however, neither

had nor assumed to have authority to negotiate a contract; and for the actual prices and terms of sale he referred Edgar to the manager. Plaintiff testified that he communicated with Stewart by telephone as soon as Edgar left the premises, giving his view with respect to how he thought Mr. Edgar was impressed, stating that, if "everything was satisfactory, he would buy the plots," and that Mr. Edgar called and viewed the premises several times thereafter with him prior to the purchasing of the lots. Mr. Edgar denied that he had more than two interviews with plaintiff during that time. The uncontroverted evidence is, however, that no contract was made between the plaintiff and the purchaser, and that it was negotiated on the part of the defendant by Mr. Stewart, and in the absence of the plaintiff.

[1] The recovery cannot be sustained upon the theory upon which the case was submitted to the jury. The jury were instructed that the plaintiff could only recover on proof required in the ordinary case of a broker employed to sell real estate, and that it was incumbent on him to show that he was the procuring cause of the sale. Upon no view of the evidence was the jury justified in finding that the plaintiff was the procuring cause of the sale of these lots, for he neither introduced the purchaser, negotiated the contract, nor showed that it was the result of his efforts. Haase v. Ullmann, 148 App. Div. 40, 131 N. Y. Supp. 1050.

[2] The court left it to the jury to determine whether the services rendered by the plaintiff were rendered merely under his general employment to go and remain upon the premises, for which he was entitled to receive $20 per week, to be credited, however, on any commissions which he might earn, or whether he "was simply and solely a real estate broker," and instructed them that, unless the services were rendered as a real estate broker, there could be no recovery. We are of opinion that the only compensation to which plaintiff was entitled for his service in showing Mr. Edgar over the premises and urging him to buy was under the contract with respect to the advances, which belonged to him regardless of whether or not he succeeded in earning commissions. Northwestern Life Ins. Co. v. Mooney, 108 N. Y. 118, 15 N. E. 303; Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350.

The court erroneously excluded competent evidence offered by defendant; but in the view we take of the case it is not necessary to consider those rulings, for the plaintiff failed to show by a preponderance of the evidence that he was the procuring cause of the sale, or that the purchase of the lots was due to his efforts, within the contemplation of the contract, and therefore there was no question of fact to take the case to the jury, and the defendant's motion for a nonsuit and for a dismissal of the complaint should have been granted.

It follows that the determination of the Appellate Term should be reversed, with costs, and the complaint dismissed, with costs. All concur.