[Civ. No. 1932.   Second Appellate District.—March 28, 1917.]

## C. S. YOUNG, Appellant, v. Estate of C. A. CANFIELD, Respondent.

CONTRACT—SERVICES IN PURCHASING LAND—FRACTION OF NET PROFITS ON RESALE—INTEREST NOT CHARGEABLE.—An owner of land is not entitled under the terms of a letter reciting that it was his understanding and agreement that the person to whom the letter was addressed was to have one-third of the net profits arising from the operation or final sale of the property for services rendered in and about its purchase, to deduct from the net profits interest upon the amount of the investment.

ID.—INTEREST—EXPRESS CONTRACT.—The matter of the payment of interest must be made the subject of an express agreement, otherwise it cannot be charged, excepting in case of a loan of money which by section 1914 of the Civil Code is made subject to the payment of interest by presumption.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

James Donovan, for Appellant.

Goodwin & Morgrage, for Respondent.

JAMES, J.—Appeal from a judgment entered against the plaintiff.   The appeal is presented on the judgment-roll.   The facts as they may be gathered from the complaint are as follows: Prior to December 17, 1903, the plaintiff had rendered services to C. A. Canfield, since deceased, in and about the purchase of certain land.   Canfield became the owner of

the land and as evidence of the compensation to be paid to the plaintiff for his services, wrote the plaintiff as follows: "Dear Sir:

"Relative to our understanding at the time of the purchase of the N. E. ¼ of Sec. 23–28–27, and in consideration of your services granted in connection thereof, it is my understanding and agreement that you are to have one-third (⅓) of the net profits arising from the operation or final sale of the above mentioned property.

"Yours truly,<br>"C. A. CANFIELD."

The total price paid by Canfield for the land, including taxes, was $6,765.79. Canfield sold the property on April 30, 1913, for eight thousand dollars; that amount being in excess of the purchase price by the sum of $1,234.21. The plaintiff duly presented his claim against the estate of Canfield for the sum of $411.40, being one-third of the apparent profit made by Canfield on his investment. The court found the facts as they were alleged by the plaintiff, but found that there was nothing due the plaintiff for the reason that by adding interest at the rate of seven per cent to the amount of Canfield's original investment, and charging that interest as a part of the investment, no profits resulted by reason of the price obtained at the sale of the property. The one question is presented as to whether interest was properly chargeable under the contract made between Young and Canfield. On the part of respondent the cases of *Hentz* v. *Pennsylvania Co.*, 134 Pa. St. 343, [19 Atl. 685], and *Barry* v. *Bernays*, 162 Mo. App. 27, [141 S. W. 933], are cited. In the case first noted the court refers to a work on partnership, and the opinion contains this statement: "There are no profits in a land speculation which does not return to the investor his purchase money with interest upon it." This language is approved in *Barry* v. *Bernays*, 162 Mo. App. 27, [141 S. W. 933]. As applied to the facts of this case, we are not in accord with the determination of the Pennsylvania and Missouri courts. There was no agreement expressed here for the payment of any interest upon Canfield's investment; the plaintiff had rendered certain services and his compensation was agreed upon in the manner declared in the letter written by Canfield to him. We are of the opinion that the term "net profits," as used in this letter, does not authorize the

charge of any interest amount, and that if such had been in contemplation it should have been expressed. Furthermore, Canfield, for aught that is shown by the pleadings or record presented,. might not have been able to have secured a seven per cent income on the money which he invested in the land, nor any per cent at all, for that matter. The general rule is that the matter of the payment of interest must be made the subject of an express agreement, otherwise it cannot be charged; excepting, of course, in the case of a loan of money which by our code is made subject to the payment of interest by presumption. (Civ. Code, sec. 1914.) The general rule which we have adverted to finds expression in *Tirrell* v. *Jones,* 39 Cal. 655, and *Adams* v. *Lambard,* 80 Cal. 426, 438, [22 Pac. 180].

The judgment is reversed, with directions to the trial court· to enter judgment upon the findings of fact in favor of the plaintiff.

Conrey, P. J., and Shaw, J., concurred.