[Civ. No. 6634. First Appellate District, Division One.—February 18, 1930.]

JAMES O. DUGAN, Respondent, v. WILLIAM J. FORSTER et al., Appellants.

[Civ. No. 6901. First Appellate District, Division One.—February 18, 1930.]

JAMES O. DUGAN, Appellant, v. WILLIAM J. FORSTER et al., Respondents.

Charles L. James and C. K. Bonestell for Appellant and Respondent James O. Dugan.

Walter E. Dorn and L. W. Lovey for Appellants and Respondents William J. Forster et al.

THE COURT.—The defendants for some time previous to January 29, 1923, were copartners doing business under the firm name and style of William J. Forster Company. On that date they entered into an agreement in writing with the plaintiff, who was named therein as the party of the second part, whereby he became a special partner in the business for the purpose of sharing the profits, it being stipulated that any loss should be borne by the defendants. The agreement provided that each partner should take an active part in the business, one of the defendants being the business manager, the other the general superintendent of work, and the plaintiff to have charge of the men employed. It was also agreed that plaintiff should have a drawing account of not more than $50 a week and ten per cent of the net profits "minus the amount advanced on the drawing account, and in the event there should be no profits at the end of each calendar year then the party of the second part shall be entitled to said fifty dollars per week as a salary and not obligated to return same to said copartnership." This action was brought for dissolution of the copartnership and an accounting.

An accounting was had, and it appeared that no profits were earned by the concern during the years 1924 and 1925. During the year 1923, however, the net profits shown by the books amounted to $14,106.21. According to the findings of the court plaintiff was entitled to ten per cent thereof in addition to the amounts received by him on his drawing account to which the court found he was entitled as a salary, and entered judgment in his favor for $1410.62, with interest thereon from December 31, 1923, a total of $1847.60.

Defendants have appealed therefrom, contending that the amounts drawn by plaintiff during the year should have been deducted from his percentage of the profits. The accounting also showed that defendants withdrew certain amounts as salaries, and that the plaintiff failed to withdraw the full amount from his drawing account which the contract permitted. The plaintiff—who also appeals from the judgment—claims that the sums drawn by the defendants were improperly allowed as salaries, and that he is en-

titled to the difference between the total amount of his drawing account and that received by him.

According to the testimony of the plaintiff it was not the understanding of the parties that the amounts drawn by him should be deducted from his share of the profits, if any, but that the same should be charged to general operating expense; that when the contract was drawn he protested against its wording, but was assured by defendants' attorney that it expressed plaintiff's understanding of the agreement. It also appears without dispute that at the end of the year 1923 defendants informed plaintiff that the business for the year showed a profit of $12,952.70, his percentage being $1295.27, requesting him, however, not to withdraw the same as the concern was in need of money, to which he agreed.

The practical construction placed upon the contract by the parties is strong evidence of their intention (6 Cal. Jur., Contracts, sec. 184, p. 304), and the foregoing testimony sufficiently supported the conclusion of the trial court that the amounts drawn by plaintiff pursuant to the contract were properly chargeable to the expense of conducting the business, whether the same showed a profit or otherwise.

As a general rule a partner is not entitled to any compensation for services rendered by him to the partnership (Civ. Code, sec. 2413). It has been frequently decided, however, that the partners may agree that a partner shall receive compensation, or such an agreement may be implied, and the existence or nonexistence of such a contract is a question for the court to determine from the facts and circumstances of the case, and its inferences of fact which support its conclusions will not be disturbed on appeal, though it might with equal propriety have found the other way (*Nevills* v. *Moore Min. Co.*, 135 Cal. 561 [67 Pac. 1054]).

The evidence was that in 1923 one of the defendants drew sums from the partnership, these amounts being entered, according to the statement filed by the accountant employed by the referee, as wages drawn, and each year thereafter both of the defendants followed the same course, entering the amounts received on the books as wages and salaries drawn. According to the plaintiff a statement of the profits was made for the year 1923, and it may be in-

ferred from his testimony that it was shown to him. Moreover, he does not claim to have been denied access to the books, or that he was not aware of the receipt of salaries or wages by the defendants, and the point does not appear to have been raised at the trial. The circumstances shown were sufficient to warrant the implied conclusion of the trial court that the parties understood that the defendants were to receive compensation for their services, and no contention is made that the amounts were excessive.

■ Under the contract plaintiff was permitted to draw $2,600 each year, or $7,800 for the three-year period. During that time he drew a total of $7,503.25, and claimed the difference of $296.75. It has been held that a contract providing for a drawing account in a certain sum per week as against commissions is an agreement to pay that amount absolutely and not on condition (*Schnabel* v. *American Educational Alliance*, 79 Misc. Rep. 624 [140 N. Y. Supp. 369]; *Northwestern Life Ins. Co.* v. *Moony*, 108 N. Y. 118 [15 N. E. 303]; *Handy* v. *Van Cortlandt Realty Co.*, 156 App. Div. 110 [140 N. Y. Supp. 1081]), and in view of the finding that the advances were intended as a salary, plaintiff's claim to the balance must be sustained. While an action therefor could not have been maintained previous to an accounting and settlement of the partnership affairs (*Ferem* v. *Olson & Mahony*, 176 Cal. 652 [169 Pac. 386]; *Dukes* v. *Kellogg*, 127 Cal. 363 [60 Pac. 44]; *Murphy* v. *Community etc. Bureau*, 190 N. Y. Supp. 849), the amount should have been allowed in the accounting.

■ As stated, the trial court allowed plaintiff interest on his percentage of the proceeds earned during the year 1923 at the rate of seven per cent per annum from December 31st of that year. The latter testified that at the request of his partners he allowed this amount to remain in the business. This was in effect a loan to the partnership, and there being no agreement to pay interest thereon it is the rule in such cases that interest cannot be recovered (*Carpenter* v. *Hathaway*, 87 Cal. 434 [25 Pac. 549]; *Clement* v. *Duncan*, 191 Cal. 209 [215 Pac. 1025]).

■ The same rule should apply to the balance remaining in the drawing account. So far as appears there was nothing to prevent the plaintiff from drawing each week the full amount allowed by the contract. No demand for or

refusal to pay the balance was shown, and there was no express agreement to pay interest thereon. It is the general rule that the payment of interest must be the subject of an agreement, express or implied (*Young* v. *Canfield*, 33 Cal. App. 343 [164 Pac. 1134]), and here it was manifestly not the intention of the parties that the drawing account should bear interest. For the foregoing reasons the amount allowed by the court as interest, namely, $436.98, should be deducted from the judgment, and the balance of the drawing account amounting to $296.75 added thereto.

The judgment is accordingly modified by deducting therefrom the sum of $140.23, the difference between the above amounts, and as so modified is affirmed. It is further ordered that each party bear his own costs of appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 20, 1930.