[Civ. No. 14415.   First Dist., Div. One.   Nov. 8, 1950.]

GRANVILLE P. COMBS, Plaintiff and Appellant, v. CATHERINE RITTER, Defendant and Appellant.

Edmund J. Holl for Plaintiff and Appellant.

Garton D. Keyston and William S. Sparks for Defendant and Appellant.

BRAY, J.—In the petition for a rehearing our attention was called to certain errors in the findings of the trial court which were not mentioned in the briefs on appeal. For that reason, we granted a rehearing. Except for the correction of said errors, we hereby adopt our previous opinion, which reads as follows:

"Plaintiff received judgment for $326.10 in an action for an accounting of the rents and profits received by defendant from an apartment house owned as joint tenants by plaintiff and defendant, his former wife. Contending that this did not constitute an equal division of the net profits, plaintiff appealed.

## "CONTENTIONS

"That neither the evidence nor the law justifies an allowance to a joint tenant (1) for services as manager of the tenancy property; (2) for rental for furniture and furnishings of one joint tenant used in the tenancy property.

## "FACTS

"Plaintiff and defendant were married in 1928, at which time defendant owned the apartment house in question as her separate property. In 1938, at plaintiff's request, defendant, without any monetary consideration, executed a joint tenancy deed of the property to plaintiff and herself as joint tenants. In November, 1944, defendant obtained an interlocutory decree of divorce. There was no property settlement, nor disposition of the property in the decree. Prior to the separation of the parties, all rents from the apartments, and the salaries of the parties (both of whom were working) were deposited in a common account from which all expenses were paid. The action was for an accounting from November 4,

1944, the date of separation of the parties, to February 15, 1949, the date when the apartment house was sold. Except for the two items herein discussed, no objection was made to the accounts submitted by defendant. The court approved these accounts and allowed defendant $50 per month (or a total of $2,050) for services as manager, and $100 per month (or a total of $4,100) for the rental of furniture used in the apartments, which furniture was her separate property. After deducting these allowances there was a net profit of $652.21 of which the court awarded plaintiff half, or $326.10.

"Is Defendant Entitled to Compensation as Manager?

"The rule is clear, and defendant concedes, that in the absence of an agreement, express or implied, a cotenant is not entitled to compensation for services rendered in the care and management of the cotenancy property. (*Goodenow* v. *Ewer*, 16 Cal. 461, 472 [76 Am.Dec. 540] ; *Raun* v. *Reynolds*, 18 Cal. 275, 291; Freeman on Cotenancy and Partition (2d ed., 1886), § 260; 33 C.J. 910; 48 C.J.S. 931, § 8; 7 Cal.Jur. 349.) 'It appears to be a settled rule that a cotenant is not ordinarily entitled to compensation for services rendered in managing, operating, or taking care of the common property in the absence of an express agreement or a mutual under-standing that the services should be paid for. An exception to this rule exists where one cotenant performs services which neither the law nor the relation of cotenancy imposes upon him. But leasing the property, collecting rentals, and looking after repairs do not fall within the exception.' (14 Am.Jur. § 30, pp. 98-99.)

"Defendant testified that there had been no discussion with plaintiff on the subject of pay for her services. She concedes that there was no express agreement. She contends, however, that the evidence supports an implied agreement. The court made no finding as to an agreement, either express or implied, but allowed defendant $50 per month for her services. Defend-ant contends that thereby the court impliedly found that there was such an implied agreement and that the evidence supports such a finding. We have carefully examined the record and find no evidence to justify such a claim. The two matters which defendant claims give rise to an implied agreement are (1) the income tax reports filed by plaintiff prior to the sepa-ration and (2) the fact of the services rendered.

"1. Prior to the separation plaintiff had taken a de-duction of $240 a year for 'janitor services' in the joint income

tax reports. This was with the consent and knowledge of defendant. There was no janitor; plaintiff stated 'I was the janitor,' and 'I was allowing that for myself.' The record does not show whether plaintiff actually received this sum personally, or whether it was merely a bookkeeping item for tax purposes only. Assuming, however, that plaintiff did receive such an allowance while the parties were living together, it affords no basis for implying an agreement that, after the separation, defendant was to be paid for her services.

. ▓▓ ''2. Defendant testified and the court found that defendant 'managed and operated said apartment house, and laundered all curtains, cleaned and washed the woodwork and stoves, cared for and operated the furnace and refrigeration unit, made minor plumbing repairs, collected rents, received and remedied complaints of tenants, paid all bills in connection with the operation of said apartment house, and did all things necessary in operating said apartment house . . .' Defendant contends that the fact of these services raises an implied agreement to pay for them. She has cited no case, nor have we been able to find any, supporting this theory. Cases like *Dugan* v. *Forster*, 104 Cal.App. 117 [285 P. 384], *Neilsen* v. *Holmes*, 82 Cal.App.2d 315 [186 P.2d 197], cited by defendant, do not sustain the contention. They state the general rule that a partner is not entitled to any compensation for services rendered by him to a partnership. They then state that an agreement may be implied and that the existence or nonexistence of such a contract is a question for the court to determine from the facts and circumstances of the case, and that the inferences of fact which support the court's conclusions will not be disturbed on appeal, even though the trial court might with equal propriety have found the other way. There is no question but that this is the law and that the rule as to cotenants is the same as to partners in this respect. However, in these cases there were other circumstances than the mere fact of service alone. Thus in the Dugan case, the salaries of the defendants were entered in the books and the plaintiff did not claim that he was not aware of the fact that they were charging salaries. In the Neilsen case there was testimony that there was an express agreement to pay salaries.

''In *Thompson* v. *Salmon*, 18 Cal. 632, also cited by defendant, the plaintiff was employed by his cotenants in an oral agreement to take charge of and sell their land in small tracts, and to receive a commission. During his employment he rendered five different accounts current, showing the amount of

sales, his disbursements for taxes, and costs paid in certain suits against squatters. After the rendition of these accounts he brought suit against his cotenants for services in bringing twenty-seven suits against squatters, hunting up witnesses and other matters. The opinion states that the point of dispute was whether the commission on sales was to cover all services rendered by him. The trial court found that it did not. On appeal, the only point passed on was whether the fact that in the accounts presented plaintiff had not included the charge now being made, precluded him from claiming payment of it thereafter. The court held that it did not.

"As there is no evidence of an implied contract to pay defendant for her services, the allowance to her of $50 per month was improper.

### "USE OF FURNITURE

"Prior to the institution of this action, plaintiff brought suit against defendant to acquire title to the furniture in the apartment house. In that action it was held that a small portion of the furniture was community property and that the bulk of the furniture was defendant's separate property. In this action the court found (and the finding is not challenged) : 'that the furniture and furnishings in said apartment house were owned exclusively by defendant save and excepting the stoves therein and several pieces of furniture and wall beds and equipment; that said stoves and several pieces of furniture and wall beds and equipment were owned by the parties hereto as tenants in common.' The apartments were rented furnished. Defendant's counsel stated to the court (and this statement was not disputed in the trial court) that the difference in the rental value of all the apartments unfurnished and furnished was $120 per month. In her accounting defendant allowed $20 per month for the use of the community furniture and $100 per month to herself for the use of her separate furniture. No evidence was offered to contradict the reasonableness of this allocation or of the court's finding that it was reasonable. It is conceded that there was never any discussion between the parties concerning a charge for the use of the furniture. Plaintiff contends that in the absence of an agreement a cotenant may not charge for the use of his personal property in cotenancy business. This is not the law. The rule is well stated in *Goodenow* v. *Ewer, supra* (16 Cal. 461) at page 472: 'He is also entitled to reasonable allowances, to be deducted from the rents, for the use of his individual

property, when such use was required in order to let the premises themselves. It is not probable that he could have let the theater rooms, from time to time, as different theatrical companies required them, without, at the same time, letting the carpets, lamps, and scenery; and as these constituted his individual property, a reasonable allowance for them should be deducted from the rents received.'

"In our case the apartments could not have been let as furnished apartments were it not for defendant's furniture. (See, also, 7 Cal.Jur. 352-3.) Here the rents were increased $100 per month because of defendant's furniture. She, therefore, is entitled to be compensated to that extent. This is in line with the general rule allowing compensation for repairs or improvements where made with the acquiescence of the other cotenants. (See Freeman on Cotenancy and Partition, §§ 262, 279; 14 Am.Jur. 115, § 49.) Plaintiff relies on three cases: *Clement* v. *Duncan,* 191 Cal. 209 [215 P. 1025], which held that a partner is not entitled without an agreement to interest on money advanced by him to the partnership. *Carpenter* v. *Hathaway,* 87 Cal. 434 [25 P. 549], involved an oral agreement of partnership in the buying and selling of certain lands. Defendant was to supply the money and plaintiff the services, the net profits to be equally divided. It was held that in arriving at the amount of the net profits, in the absence of an express agreement, defendant could not charge interest on the moneys invested. In *Young* v. *Canfield,* 33 Cal.App. 343 [164 P. 1134], an owner of land agreed to give another for his services one third of the net profits from the sale of the land. In a suit against the estate of the owner the trial court held that in determining what were the net profits on his investment the owner was entitled to interest. On appeal the higher court stated that the sole agreement between the parties was expressed in writing signed by the owner, and that the words 'net profits' therein did not authorize a charge of interest. 'The general rule is that the matter of the payment of interest must be made the subject of an express agreement, otherwise it cannot be charged . . .' (P. 345.) In view of the Goodenow case this rule cannot be held to extend to the use by a cotenancy of personal property where such use is required, as here. The allowance for use of defendant's furniture was proper."

The court found that the date of the sale of the apartment house, when defendant's right to rental of her furniture ceased, was January, 1948. It then found that the period

from November 4, 1944, the date of the interlocutory decree of divorce, to January, 1948, was 41 months, and allowed defendant rental on her furniture at $100 per month, or a total of $4,100. Actually such period equals only 38 months. Moreover, the uncontradicted evidence shows that the date of sale was February 15, and not January. Hence, the correct period for which rental should be allowed is 39 months.

The judgment is reversed, and the case remanded to the trial court to amend its findings of fact and conclusions of law as herein indicated, and to enter judgment for plaintiff in the sum of $1,451.10.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied December 8, 1950, and defendant and appellant's petition for a hearing by the Supreme Court was denied January 4, 1951.