[No. 14607.   Department One. — January 6, 1893.]

## MRS. F. J. SCHWARZE, RESPONDENT, *v.* T. L. MAHONEY, APPELLANT.

| 97 | 131 |
| 102 | 228 |

UNLAWFUL DETAINER — ACTION BY MARRIED WOMAN — COMMUNITY PROP-ERTY — ABATEMENT — CAPACITY TO SUE — INSUFFICIENT ANSWER. — In an action of unlawful detainer by a married woman, the objection that the rents are community property, for which the husband alone can sue, is not raised, in the absence of a demurrer, by an answer averring that the plaintiff is a married woman, and that her husband is a tenant of a portion of the premises described in the complaint, and denying that the plaintiff ever was in the occupation of the premises, or that she ever had any title or interest therein. Such answer is insufficient as a plea in abatement, or of the want of capacity of the plaintiff to sue.

ID. — ENFORCEMENT OF RIGHTS OF MARRIED WOMAN — AGENCY FOR COM-MUNITY — BURDEN OF PROOF. — The right of a married woman to enter into any transaction with any other person which she might if unmarried gives to her a correlative right to enforce, to the same extent that she could if unmarried, any obligation which she may have received from

such other person as the consideration for the transaction, and whenever, in a transaction with a married woman, another person has received from her any property or advantage for which he has given his obligation, the burden is upon him to show that the transaction was entered into by her as the agent of the community, and not for herself, if he would resist his obligation upon the ground of her marriage.

ID. — LANDLORD AND TENANT — SUBLEASE BY MARRIED WOMAN — ESTOPPEL OF SUBTENANT. — Where a married woman becomes the lessee of a building in her own name and right, and while in the actual, exclusive, and lawful possession thereof subleases the lower portion of the house to another for a specified rental, she may enforce the sublease, and the subtenant is estoppel from denying the relationship of landlord and tenant between himself and such married woman.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*D. I. Mahoney,* for Appellant.

The respondent being a married woman, the lease would be property of the community. The presumptions would be all to that effect.   (Civ. Code, sec. 164; *Althof* v. *Conheim,* 38 Cal. 230; 99 Am. Dec. 263; *Meyer* v. *Kinzer,* 12 Cal. 247; 73 Am. Dec. 538; *Smith* v. *Smith,* 12 Cal. 216; 73 Am. Dec. 533; *Mott* v. *Smith,* 16 Cal. 533; *Burton* v. *Lies,* 21 Cal. 87; *Adams* v. *Knowlton,* 22 Cal. 283; *Riley* v. *Pehl,* 23 Cal. 70; *Tustin* v. *Faught,* 23 Cal. 241; *McDonald* v. *Badger,* 23 Cal. 393; 83 Am. Dec. 123; *Landers* v. *Bolton,* 26 Cal. 393–420; *Ramsdell* v. *Fuller,* 28 Cal. 37; 87 Am. Dec. 103; *Peck* v. *Brummagim,* 31 Cal. 440; 89 Am. Dec. 195; *Bernal* v. *Gleim,* 33 Cal. 668; *Greiner* v. *Greiner,* 58 Cal. 120.)   The husband has sole management and control of the community property.  (Civ. Code, sec. 172; *Greiner* v. *Greiner,* 58 Cal. 119; *McFadden* v. *Santa Ana etc. R'y Co.,* 87 Cal. 464.)   Consequently, the husband only would be entitled to recover in this action. A married woman can sue only as provided in section 370 of the Code of Civil Procedure, which section is permissive.   (*Van Maren* v. *Johnson,* 15 Cal. 308; *Corcoran* v. *Doll,* 32 Cal. 82; *Calderwood* v. *Pyser,* 31 Cal. 333; *Tell*

v. *Gibson*, 66 Cal. 247.)    The wife could not have been joined as a plaintiff with the husband. (*McFadden* v. *Santa Ana etc. R'y Co.*, 87 Cal. 464.)    If the rents were earnings of the wife, still the husband would be plaintiff. (Civ. Code, sec. 169; *Moseley* v. *Heney*, 66 Cal. 478.)    The wife could not maintain this action, even as agent of the community. (*Mitchell* v. *Davis*, 20 Cal. 45.)

*George D. Shadburne*, for Respondent.

The fact that the plaintiff was a married woman is immaterial, as all married women can make contracts. (Civ. Code, sec. 158; *Parry* v. *Kelley*, 52 Cal. 334; *Wood* v. *Orford*, 52 Cal. 412; *Marlow* v. *Barlew*, 53 Cal. 458; *Alexander* v. *Bouton*, 55 Cal. 20; *Brickell* v. *Batchelder*. 62 Cal. 623.)

PATERSON, J. — This is an action of unlawful detainer. Judgment was entered in favor of the plaintiff for the sum of $540, and costs of the action; the defendant moved for a new trial, which motion was denied, and thereupon he appealed to this court from the judgment, and from the order.

The principal point made on this appeal is, that the respondent, being a married woman, cannot recover,— that the rents, if any due, are community property, for which the husband alone can sue.

. This objection to the plaintiff's right to maintain the action cannot be considered, because there is no demurrer, and there is nothing in the answer indicating an intention on the part of the defendant to raise the question of the plaintiff's capacity to sue.    The defendant states in his answer that "plaintiff is a married woman, wife of one F. J. Schwarze; that said Schwarze is a tenant of the upper portion of the premises known as 1901 Polk Street, a portion of the same premises wherein the premises described in the complaint are situated, but denies that this plaintiff ever was in the occupation of the premises described in the complaint, or that she ever had any title or interest therein."    This is clearly

insufficient as a plea in abatement, or of want of capacity to sue.

The right of a married woman to enter into any transaction with any other person which she might if unmarried (Civ. Code, sec. 158) gives to her a correlative right to enforce (to the same extent that she could if unmarried) any obligation which she may have received from such other person as the consideration for such transaction, and whenever, in a transaction with a married woman, another person has received from her any property or advantage for which he has given his obligation, the burden is upon him to show that the transaction was entered into by her as the agent of the community, and not for herself, if he would resist his obligation upon the ground of her marriage. ( *Wetherly* v. *Straus,* 93 Cal. 287.) In the case at bar, the record shows that the premises described in the complaint, together with the upper story of the building in which they were situated, were leased to the plaintiff by a duly authorized agent, and that while she was in the actual, exclusive, and lawful possession thereof, she leased the lower portion of the house to the defendant at a rental of fifteen dollars per month. The defendant attempted to show that he entered into possession of the premises by virtue of his own right therein, but in this he failed. He stated in his testimony that he asked Mrs. Schwarze about the place, and what the rent would be; that she told him it would be fifteen dollars per month, and he replied that he would take it; that she told him he could take possession of the entire lower floor, as she had no use for the kitchen; he attempted to avoid the effect of this testimony by saying that he did not promise that he would *pay the rent;* that he "never promised to pay Mrs. Schwarze, or anybody else, the rent." Of course the court below did not for a moment listen to such a subterfuge.

We find no error in the rulings of the court. The relation of landlord and tenant is clearly shown by the record, and the claim of title upon which the de-

fendant predicates several of the contentions of error in the rulings of the court is not a proper subject of inquiry in the case. The plaintiff testified, and in this was corroborated by the agent, that she took a lease of the house in her own name and right; that her husband was not known in the transaction. It is clear that the defendant would not have been permitted to occupy the house if he had not led the plaintiff to believe that he would occupy it as her tenant, and pay her fifteen dollars per month rental. He cannot now, therefore, dispute the relationship.

Judgment and order affirmed.

HARRISON, J., and McFARLAND, J., concurred.