[No. 15347.    Department One.—April 18, 1894.]

## FRANZISKA GROSSE-BECKER, RESPONDENT, *v.* ARTHUR BECKER ET AL., APPELLANTS.

PARTNERSHIP—AGENCY—QUESTION OF FACT—CONTRACT OF EMPLOYMENT.— The extent of the powers of an agent of a partnership in making a contract of employment is a question of fact to be passed upon by the jury in arriving at their verdict.

ID.—EMPLOYMENT OF ACTRESS—MISREPRESENTATION BY AGENT—ESTOPPEL. Where the agent of a partnership falsely represented that an actress to be employed by the firm was his wife, such misrepresentation does not constitute an estoppel to prevent suit by the actress against the partners for services rendered, where it does not appear that the existence or nonexistence of the married relation between the parties was material in the minds of the partners, nor that the false representations operated in any way to their injury or damage.

ID.—ACTION BY MARRIED WOMAN UPON CONTRACT.—A married woman may sue upon a contract for her individual services made when acting in her own behalf, where it is not proven that she was acting as agent for the community.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lindley & Eickhoff*, for Appellants.

*Edmund Tauszky*, for Respondent.

GAROUTTE, J.—This action was instituted by plaintiff against defendants as partners, for services rendered by her as an actress. She recovered judgment, and this

appeal is prosecuted from the judgment and order denying a motion for a new trial.

It is insisted by defendants that plaintiff's services were to be furnished without a definite salary, and that her compensation was to consist of a certain part of the profits of the venture, and, there being no profits, her services were necessarily gratuitous. Plaintiff relies upon an express contract of employment at the fixed sum of one hundred and fifty dollars per month. Plaintiff and defendant Becker testified positively that such was the contract, and the verdict of the jury necessarily indicates that this evidence was given credit by them. Defendant Becker went to Europe in behalf of, and at the request of, the partnership, for the purpose of securing theatrical talent in furtherance of the partnership venture. Without considering Becker's powers as a full partner in the firm, it appears that under his authorization he made a contract of employment with the plaintiff, at a monthly salary; and the extent of his powers as the agent of the partnership in making such a contract was a matter of fact to be passed upon by the jury in arriving at the verdict. The evidence was contradictory in this regard, and, under proper instructions of the court as to the law bearing upon the question, the matter was submitted to the jury, and their judgment will not be disturbed.

At the inception of the partnership between these parties it is claimed by defendants Hirsch and Kahn, that defendant Becker represented that the plaintiff was his wife, and that he would furnish her services gratuitously for the benefit of the partnership. Becker concedes the representations as to the plaintiff being his wife, but denies that her services were to be a gratuity. During the progress of the trial it was developed that plaintiff was not the wife of Becker, but had been living with him under such assumed relations for several years. In view of these peculiar conditions, the defendants asked certain instructions to be given to the jury, but the request was denied by the court. These in-

structions are based upon the theory that the plaintiff was estopped from showing that she was not the wife of defendant Becker. It does not appear that plaintiff ever had any knowledge of the representations made by Becker to his co-defendants, at the time the contract was entered into, as to their *status* as husband and wife, and, consequently, it cannot be said that she is bound by such representations. Again, it does not appear that Hirsch and Kahn to any extent or in any degree relied upon such representations as a moving cause for the formation of the partnership. As far as is developed by the record, the mere fact of the existence or nonexistence of the marriage relation between these parties was wholly immaterial in the minds of Hirsch and Kahn. Neither does it appear that these false representations of Becker, as to his marriage, conceding Hirsch and Kahn to have relied upon them, operated in any way to their injury and damage. Plaintiff was probably as good an actress unmarried as married, and the unsuccessful ending of the theatrical venture is not claimed to have resulted to any extent by reason of the false relations under which these parties were living. Indeed, they were thought by these two defendants, and by the world at large, to be husband and wife up to the very hour of the trial. The circumstances here suggested are necessarily fatal to the successful plea of an estoppel as against the plaintiff, and for these reasons we think the instructions were properly refused.

But even conceding that the representations of Becker, taken in connection with the subsequent acts of plaintiff, were such as to forbid her denying that she was his wife, still it does not follow that she has no standing before the court. And bearing generally upon the rights of the wife acting in her own behalf see *Schwarze* v. *Mahoney*, 97 Cal. 131, and *Wren* v. *Wren*, 100 Cal. 276.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.