[Civ. No. 6919. First Appellate District, Division One.—March 20, 1930.]

J. J. HANDLEY, Respondent, v. GAIL B. JOHNSON, Appellant.

F. N. Foley and Ross & Ross for Appellant.

Cooley, Crowley & Gallagher for Respondent.

THE COURT.—An action to recover for injuries to plaintiff's automobile caused by defendant's negligence.

A trial by jury having been waived, the cause was tried by the court.

Damages were allowed by the court for the alleged cost of towing the automobile to a repair-shop and the cost of repairs, a total of $512.05.

Defendant has appealed from the judgment which was entered against him for the above amount. He contends that the finding as to the first item is unsupported; further, that the plaintiff was insured against loss, and that the cost of repairing the car was paid by the insurance company; that the latter consequently became subrogated to that extent to plaintiff's right of action, and that the evidence was insufficient to show that this right was assigned to the plaintiff.

The claim for towage consisted of two items, one for $8 and the other for $9.60. It was stipulated that the first was correct. As to the second, defendant denied that the amount had been expended as claimed, and no evidence on the issue was adduced.

There was offered and admitted in evidence a writing purporting to assign to plaintiff the insurance company's claim against the defendant, but the authority of the person who signed the same to act for the company was not shown. This court, therefore, referred the question to a referee, before whom testimony was adduced by the respective parties. According to the testimony of the person by whom the document was signed he was then in the employ of the company as superintendent of its department of automobile claims, which position he had held for about eight years. He further testified that it was his duty to adjust losses and settle

cases, in the course of which he made assignments of claims on behalf of the company. He also testified that he had authority from the company to do so in this and other cases, but whether such authority had been conferred in writing he could not recall.

The assignment was not one for which a writing was required by statute; and where such is not the case the extent of the agent's authority may be established by parol (*Bergtholdt* v. *Porter Bros. Co.*, 114 Cal. 681 [46 Pac. 738]), and, like the existence of the agent's authority, is a question of fact (*Grosse-Becker* v. *Becker*, 102 Cal. 226 [36 Pac. 433]; *Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 [17 Am. St. Rep. 233, 23 Pac. 869]). It is also the rule that the testimony of the agent is admissible and competent to prove the nature and scope of his authority (*Kast* v. *Miller & Lux*, 159 Cal. 723 [115 Pac. 932]).

We are authorized to make findings in addition to those made by the trial court (*Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]), and we accordingly find from the above testimony that the agent was authorized to execute the assignment in question for and on behalf of the insurance company.

For the foregoing reasons the judgment is modified by deducting therefrom the sum of $9.60, and as so modified is affirmed. It is further ordered that each party bear his own costs on appeal.