[Civ. No. 8954. First Appellate District, Division One.—May 28, 1934.]

DICK PARIGIAN, Appellant, v. N. G. PHILLIPS, Respondent.

· Y. B. Arsen for Appellant.

Dwight V. Maurice for Respondent.

KNIGHT, J.—The plaintiff and the defendant entered into a partnership to operate a meat market, and about a year afterwards plaintiff brought this action for its dissolution. He asked also for the appointment of a receiver, an accounting, and attorney's fees. The defendant died during the pendency of the action, and the cause was afterwards tried and determined on the issues raised by the complaint, the answer filed by defendant and a supplemental answer filed by the administrator of defendant's estate, who was substituted as party defendant. In the settlement of the accounts the trial court found, among other things, that the defendant was entitled to retain the sum of $2,100 theretofore paid to himself as salary out of the partnership property; and that there was due from plaintiff to the partnership the sum of $1,000, with which plaintiff should be charged. The judgment so decreed; and from those two provisions of the judgment plaintiff prosecutes this appeal,

which was taken upon the judgment-roll alone, it being contended that the findings and judgment as to both items are contrary to the express terms of the partnership agreement, a copy of which is attached to the complaint.

An examination of the record shows the appeal is utterly without merit. With respect to the first item, the agreement provided that defendant should devote all of his time to the operation of the business, and that plaintiff should not be required to devote any part of his time thereto, and it contained no express provision as to the payment of salaries. But the issue as to payment of wages was brought in by plaintiff himself. In this regard he alleged in his complaint "that it was further understood and agreed by and between the parties . . . that neither of the parties thereto shall receive any wages, salaries, compensations or any other remuneration whatever, from said partnership undertaking or otherwise"; also that during the operation of the business defendant wrongfully and unlawfully appropriated and converted to his own use the sum of $2,100 from the partnership profits and assets, which he refused to repay. Defendant's answer denied the foregoing allegations, and alleged "that it was expressly understood and agreed by and between plaintiff and defendant that commencing from the opening of the partnership business and until otherwise agreed defendant should receive and draw $40.00 per week wages and charge the same to the expense of said business. That defendant did pay himself out of the gross proceeds of said business said weekly wages from February 18, 1929, the opening day of said business, to September 3, 1929. That on or about September 3, 1929, it was agreed by and between plaintiff and defendant that thereafter defendant should draw the sum of $45.00 per week wages. That commencing September 3, 1929, to the commencement of the above-entitled action defendant paid to himself out of the gross proceeds of said business a weekly salary of $45.00. That said weekly wages were paid to defendant with the knowledge, consent and approval of plaintiff, and that part of said wages were paid by partnership checks signed by plaintiff." It was in pursuance of the issues thus tendered by plaintiff, therefore, that the court found against him and in favor of defendant; and since the appeal was taken on

the judgment-roll alone, it will be presumed in determining the appeal that the evidence is sufficient to support such findings.

■ Plaintiff makes the further point that inasmuch as the partnership agreement contained no provision as to wages, the finding of the trial court on this subject amounts to an attempt to vary the terms of a written agreement by a subsequent oral agreement. It was affirmatively alleged in the answer, however, and found true by the court, that the agreement as to the payment of wages was made not subsequent to but at the time of the commencement of the partnership; and nothing appears from the judgment-roll to justify plaintiff's assertion that it was oral. But even assuming it to have been oral, it was nevertheless valid because it appears to have been an executed agreement. (Civ. Code, sec. 1698.)

■ As to the second item, the agreement provided that plaintiff "has actually invested in said business . . . the total sum of $1,750.00, and which . . . shall hereafter be referred to as first party's capital, and said first party further agrees to put the actual sum of $400.00, in cash into said proposed partnership business, thereby making his total capital in the sum of $2,150.00. That second party [defendant] promises and agrees to invest in said business the sum of $400.00, in cash, and a further sum of $1,750.00 in fixtures and other materials," etc. In his complaint plaintiff alleged that "he did actually invest the sum of $2,150.00 as the working capital of said business . . . "; but the court found otherwise, its finding being "that plaintiff did not invest more than the sum of $1,150, evidenced by $400.00 cash, scale, cash register and fixtures including electric lights, as working capital or otherwise in said business, although plaintiff agreed to actually invest the sum of $2,150.00 as his share of the working capital of said business, and that there is now due, owing and unpaid from plaintiff to said partnership the sum of $1,000.00, being the difference between said $2,150.00 and said $1,150.00." And as before stated, inasmuch as the appeal was taken on the judgment-roll alone, it will be presumed that the evidence supports said finding; moreover, all intendments being taken in support of the judgment, it will be presumed also, as to both items, in the absence of a

transcript of the trial court's proceedings, that the trial court did not violate any of the rules of evidence or procedure in hearing and determining the issues mentioned.

The judgment is affirmed.

Cashin, J., and Tyler, P. J., concurred.