[Civ. No. 6440. Third Dist. Dec. 19, 1941.]

ANTONIO SBARBARO, Appellant, v. ALFISO ROSA et al., Respondents.

J. Everett Barr and Huston, Huston & Huston for Appellant.

Mark Brawman, Chas. E. Johnson, Johnson & Brawman and Tebbe & Correia for Respondents.

PARKER, J. pro tem.—This case began as a proceeding to dissolve a partnership alleged to have existed between plaintiff Sbarbaro and the defendant Alfiso Rosa. The other parties defendant were included by reason of their alleged claims in or to certain partnership assets. An accounting was asked.

Issues were joined by the various parties and the case came on regularly for trial. The court below determined first the issue of partnership and therein an accounting was had. The partnership by decree was dissolved and the partnership accounts settled. The foregoing will suffice as a general statement of the main proceeding, inasmuch as there is no appeal from the action of the trial court in that regard.

The defendant Rosa Rosa filed an answer and also a cross-complaint. It is with the cross-complaint and the judgment rendered thereon that we are here concerned. The trial of the issues raised by the said cross-complaint was had some months after the determination of the partnership and accounting issues and for all purposes was treated as an entirely separate action. In view of that situation we will refer to the parties as plaintiff and defendant, rather than as defendant and cross-complainant and plaintiff and cross-defendant. Rosa Rosa will be hereinafter referred to as plaintiff and Antonio Sbarbaro as defendant. At the outset we desire it to be understood that we are not holding that a cross-complaint such as the one before us was properly before the trial court. Indeed, the trial judge appreciated the point, as did counsel appearing. It was agreed, however, by all concerned that any irregularities of pleading should be ignored and the cross-complaint and answer thereto should be treated as a distinct and separate action without reference to the partnership action—the general idea being that as long as the plaintiff claimed the defendant owed her money there was no need of her filing a separate action. We might suggest that such irregularities would better be avoided.

Coming to the appeal before us: The plaintiff by appropriate pleading alleged the making and delivery of a promissory note in the sum and amount of $5,760. The maker of the note was alleged to be A. Sbarbaro, defendant, and the payee was the plaintiff. It was further alleged that plaintiff was the then legal owner and holder of the note and that

no part of the sum promised had been paid. The prayer of the complaint was for the face of the note, plus interest, attorneys' fees and costs. The answer denied any indebtedness, denied the execution and/or delivery of the said or any note. The answer further alleged a lack of consideration and a lack of capacity in plaintiff to maintain the suit. As a further defense, fraud in the procurement of the note was alleged. We may at once eliminate the question of fraud from further discussion. The trial court found no fraud and no point is here urged on the sufficiency of the evidence to uphold the finding.

Thus prefaced, we may detail the facts of the case, or at least sufficient of them to illustrate the points of law raised. Defendant Sbarbaro and E. Rosa, the latter being the husband of the plaintiff Rosa Rosa, were partners in the conduct of a restaurant, bar and hotel. This partnership was commenced prior to the marriage of the Rosas. Likewise, prior to the marriage the plaintiff, Rosa, had worked for the partnership at a salary of one hundred dollars per month. After the marriage the services of the wife stopped for a time. At a subsequent period the plaintiff, then the wife of E. Rosa, resumed her employment and continued therein up to the date of the promissory note sued upon, covering a period of some twelve years.

At the end of the said period the partners, upon agreement, determined that the amount of wages earned by said wife totaled eleven thousand five hundred and twenty dollars and that no part thereof had been paid over the entire period of labor. Thereupon each partner agreed that he was liable for half of that amount and each partner assumed and agreed to pay his half. The defendant Sbarbaro, without ready funds, executed the note in question, payable to the plaintiff wife and concededly has paid no part thereof.

The foregoing, of course, reflects the record most favorable to the findings and ignores any conflicts in the testimony. Judgment having been entered against the defendant, he prosecutes this appeal and relies for reversal upon the following points, to-wit: First. Appellant contends that the wife has no right or cause of action to recover for services rendered to a copartnership where the husband is an equal partner. This contention necessarily embraces and includes the claim of lack of consideration. We deem the point not

well taken. The law is well settled that a partner is entitled to compensation for services rendered the partnership when and where there is shown to have been an express or even implied agreement between the partners to that effect. (*Dugan* v. *Forster,* 104 Cal. App. 117 [285 Pac. 384] ; *Parigian* v. *Phillips,* 138 Cal. App. 702 [33 Pac. (2d) 426].) Mrs. Rosa was not a partner; but if her husband, who was a partner, would be entitled to receive payment for services rendered, by the same token the partners could contract and agree to pay the wife of either partner for service. The findings of the court support such an employment and agreement and the evidence supports the finding.

██ The next contention is that the earnings of the wife being community property, it would follow that the cause of action was in the husband and that therefore in this action the plaintiff, Rosa Rosa, has no capacity to sue and no interest in the subject-matter of the action. In support of this contention, appellant cites the case of *Johnson* v. *National Surety Co.,* 118 Cal. App. 227 [5 Pac. (2d) 39]. The cited case is authority for the proposition that the husband must bring all actions that concern property of the community. This is conceded to be the law. ██ It is likewise settled law that the earnings of the wife, while living with the husband, constitute community property. But it is likewise settled that husband and wife, between themselves, may contract that such earnings may be retained by the wife as her separate property. (See *Pacific Mutual Life Insurance Co.* v. *Cleverdon,* 16 Cal. (2d) 788, 791 [108 Pac. (2d) 405].) This case, supporting the rule as stated, goes a little further into the question and we find the following language:

Such relinquishment and mutual consent may be shown by evidence of the acts or conduct of the husband, indicating that he did not regard the earnings as community property.

In the case of *Schwarze* v. *Mahoney,* 97 Cal. 131 [31 Pac. 908], we find this language:

''Whenever, in a transaction with a married woman, another person has received from her any property or advantage for which he has given his obligation, the burden is upon him to show that the transaction was entered into by her as the agent of the community, and not for herself,

if he would resist his obligation upon the ground of her marriage.''

The trial court found that the note in suit was the sole and separate property of Rosa Rosa and it has not been pointed out wherein the evidence is lacking to support the finding. We have carefully gone over the entire transcript and we find an abundance of evidence supporting the finding.

Other contentions are urged by appellant but upon analysis each respective claim reflects the two main points considered and a determination of the two points discussed does cover the arguments presented in support of the other claims of appellant, which in fact are mere repetition of the principles set out in the first arguments.

From the record before us we are mindful of the difficulties surrounding the trial of the cause, inasmuch as none of the parties involved seem to have been familiar with business practices or procedure. As in similar cases where a disrupted partnership presents itself there were many allegations and many denials and it is barely possible that the true facts might have been covered up a bit in certain instances.

In that light, we can appreciate the feeling of appellant, but his task was to convince the trial judge and having failed in that, we have no alternative but to accept the record before us.

The judgment is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.