[Civ. No. 3109.   Fourth Dist.   Mar. 24, 1944.]

O. C. HECK, Appellant, v. ROSE HECK, Respondent;
E. P. HECK et al., Cross-Defendants and Appellants.

Kendall & Howell and Sidney J. W. Sharp for Appellants.

Borton, Petrini, Conron & Borton for Respondent.

MARKS, J.—This is an appeal from an interlocutory judgment in a divorce action in which it was decreed that Rose Heck, whom we will refer to as the defendant, was entitled to a divorce from O. C. Heck on the ground of extreme cruelty, and dividing the community property of those parties, awarding her $5,800 additional attorneys' fees and $686.97 additional auditor's fees.

Plaintiff concedes that the evidence was sufficient to support the judgment for divorce and no question is raised on this phase of the case. He attacks the portion of the decree dividing the community property and awarding the additional attorneys' and auditor's fees.

Plaintiff and E. P. Heck, his brother, were partners doing business under the name of Heck Bros. Prior to the marriage of plaintiff and defendant in March, 1925, the brothers owned 3,000 acres of farming land in Kings County, besides warehouses and personal property. While the title to the land was placed in the names of the individual partners it was a partnership asset (*Swarthout* v. *Gentry,* 62 Cal.App.2d 68 [144

P.2d 38] ), and plaintiff's interest was his separate property. At that time the partnership indebtedness amounted to about $220,000. For the next nine years the partnership business showed a net loss of over $5,000 after which it made annual profits, except for the year 1938 when it made a small loss.

The partnership business was under the management and control of plaintiff who devoted all his time and attention to it, being actively assisted by his wife. There was no agreement that plaintiff receive anything other than his living expenses for his services. E. P. Heck received no salary.

After the partnership commenced to make a profit plaintiff withdrew from the partnership funds slightly less than $40,000 with which he acquired a home in the city of Stratford, two tracts of farming land and a promissory note in the principal sum of $4,880.

In the complaint it was alleged that the home in Stratford, with its furnishings, and miscellaneous farm tools and equipment of the value of about $5,000, were community property. This allegation was repeated in the first and second amended complaints with the further allegation that one of the farms was also community property. In an amendment to the second amended complaint there was substituted for these allegations, the allegation that the parties had acquired no community property.

In the pleadings of defendant it was alleged that the parties had acquired as community property the home and its furnishings, the farming implements and other real and personal property of the value of about $350,000.

The trial court found that the community property consisted of the family home and its furnishings, the two farms already referred to, the promissory note for $4,880, and a $70,000 interest in property in the possession of Heck Bros. which presumably consisted of a $65,000 credit and the farm implements of the value of $5,000.

The decree awarded defendant the home and its furnishings, an undivided half interest in the two farms and the promissory note, and $32,500 in cash to be paid to her by plaintiff. All other community property was awarded to plaintiff. It is the award of the $32,500 that is the subject of the principal attack in this appeal, although the others do not go uncontested. It is argued that plaintiff's interest in the partnership was his separate property; that his withdrawals of funds to the extent of a little less than $40,000 from the part-

nership remained his separate property; that property acquired with the money so withdrawn was his separate property.

These arguments would possess much merit were it not for certain transactions with the partnership conducted by plaintiff shortly before this action was filed in March, 1941. He then drew a check in his own favor on the partnership bank account for $65,000 for his salary at the rate of $5,000 a year for thirteen years. From this he returned the money he had previously withdrawn with which to purchase the property already mentioned. Part of these transactions consisted of bookkeeping entries as the partnership had a bank account of $52,000 at the time the check for $65,000 was drawn.

Shortly after this transaction was completed and the entries made in the account books of the partnership showing the money was payment of salary, plaintiff was advised that he could not legally draw a salary for his services as manager of the partnership as there was no agreement permitting him to do so and as the other partner drew no salary. (Sec. 2412, Civ. Code.) Thereupon the entries in the partnership books were changed to show that the $65,000 was a withdrawal of capital by plaintiff and not a salary paid him.

At the time of trial plaintiff had cashier's checks in the sum of $18,000 in his possession, which represented part of the money withdrawn, and a credit of $3,000 advanced on cotton futures from the withdrawal.

It is a general rule that a partner is not entitled to compensation for his services to the partnership in the absence of an express or implied contract to that effect. (*Dugan* v. *Forster*, 104 Cal.App. 117 [285 P. 384]; *Parigian* v. *Phillips*, 138 Cal.App. 702 [33 P.2d 426]; *Sbarbaro* v. *Rosa*, 48 Cal. App.2d 584 [120 P.2d 151].) As there was no express contract providing plaintiff with a salary we must consider the sufficiency of the evidence to support the implied finding of an implied contract to pay plaintiff the $65,000 as salary.

Plaintiff testified, and the partnership records support him, that this money was originally withdrawn as salary; that he devoted all his time and energy to the affairs of the partnership; that his services were reasonably worth $5,000 per year. The subsequent bookkeeping entries which showed this to be a withdrawal of capital assets merely created a conflict in the evidence which the trial court resolved in favor

of plaintiff. We are cited to no part of the record in which E. P. Heck objected to this withdrawal in one form or the other. He was a party to the action and was present during at least a part of the trial. His failure to object to the withdrawal may be construed into his consent to it. Failure to object to the act of an agent or a manager, after full knowledge of it, may be a ratification of such and may be considered a circumstance pointing to prior authorization of it. Under these circumstances we may not disturb the conclusion of the trial judge that the withdrawal of the $65,000 was salary paid plaintiff by the partnership. (*Dugan* v. *Forster, supra.*) The earnings of a husband during coverture are community property. (Sec. 164, Civ. Code.) Plaintiff argues that if this $65,000 be regarded as community property as well as the real property and the promissory note paid for with about $40,000 of that money, the finding that there was a community estate consisting of the real estate and promissory note plus the $65,000 cannot be supported because that would represent a duplication of the $40,000 of the salary which was invested in the community real property and note.

This argument would possess much merit were it not for income tax statements and amended statements of the partnership prepared under the direction of plaintiff. The amended return for 1936 showed a net partnership income of $58,642.13, with O. C. Heck, Rose Heck, E. P. Heck and Ada M. Heck each being entitled to share in it. The return for 1937 showed a net income of $70,110.76 with the same parties each being entitled to one-fourth of that amount. For 1938 there was a loss of $1,447.50 with the return showing each of the two men entitled to a deduction of $361.88 and each of the women a deduction of $361.87. The return for 1939 showed a net profit of $49,255.76 with each of the four entitled to $12,313.94. There appear to be some differences between the original and the amended returns in the amount of profits but that is not important here. Thus it appears from the returns that the partnership made a net profit of $176,561.15 in those four years, of which sum Mrs. Heck was entitled to one-fourth or slightly in excess of $44,000.

It is admitted that plaintiff's interest in the partnership was his separate property. It would follow ordinarily that one-half of the partnership income was also his separate property. A husband may give his wife any portion of his

separate estate as her separate property, or, a husband and wife may, by simple agreement, convert separate personal property into community property. (Sec. 158, Civ. Code.)

Plaintiff testified that he did not give defendant any part of the partnership profits to be her separate property so it is not surprising that the trial judge construed the income tax returns as evidencing an agreement between plaintiff and defendant converting one-half of plaintiff's separate interest in the partnership profits into community property. None of these profits were withdrawn but remained with the partnership. Thus, under this view of the case there was a community interest of $44,140.29 remaining in the partnership.

The trial court divided the community property as thus defined into practically equal shares between the parties. The family home and its furnishings with a value of more than $5,000 was awarded to defendant and the farming implements of a value of $5,000 to plaintiff. The two farms and the promissory note acquired by the salary withdrawal were equally divided. Plaintiff admitted having $21,000 of the money withdrawn from the partnership, or credits resulting from its use, in his possession at the time of the trial which, when added to the $44,000 community interest in the partnership totals $65,000, one-half of which was ordered paid to plaintiff.

The same reasoning which resulted in the conclusion that there was an agreement converting one-half of plaintiff's partnership profits into community property would, and perhaps more logically should have resulted in holding that plaintiff's entire profit from the partnership was converted into community property. This would have increased the value of the community estate by more than $44,000, making more than $88,000 of community funds retained by the partnership. This error, if any, is against defendant, who has not appealed, and in favor of plaintiff who has appealed. Thus it furnishes no ground for a reversal of the judgment on plaintiff's appeal.

If the judgment is correct upon any applicable theory it must be sustained. (*Rickards* v. *Noonan,* 40 Cal.App.2d 266 [104 P.2d 839].)

Plaintiff complains that the allowance of $7,000 as fees for the services of attorneys for defendant are unreasonable, excessive and cannot be supported here.

The attorneys were allowed and paid $1,200 during the trial, and were allowed an additional $5,800 in the judgment.

The record has been augmented to show that the attorneys' fees, costs and expenses allowed defendant during the course of the trial were on account, with the court reserving the right, with the consent of the parties, to make additional allowances.

█ It is within the sound discretion of the court to award a wife counsel fees sufficient to defend an action for divorce brought against her and the amount to be awarded is also within such sound discretion. An order fixing such fees will not be reversed except on the ground of an abuse of such discretion. (*Farrar* v. *Farrar*, 45 Cal.App. 584 [188 P. 289]; *Busch* v. *Busch*, 99 Cal.App. 198 [278 P. 456]; *Westphal* v. *Westphal*, 122 Cal.App. 388 [10 P.2d 122]; *Cline* v. *Cline*, 132 Cal.App. 713 [23 P.2d 431].)

█ Defendant had a separate estate of the value of about $10,000 from which she derived some income. Plaintiff had a separate estate of the value of more than $200,000 which had produced a net income of $93,214.79 in the five years preceding the commencement of this action. In addition there was a community estate, already described, of considerable value. Thus the ability of plaintiff to respond to the order was fully established.

The case was hotly contested and consumed many trial days. Extended audits were made to determine the status of the property and the extent of the community interest and from the careful and efficient manner in which the case was tried by counsel for both parties they must have devoted considerable time outside of court to study and preparation. Under these circumstances we fail to find an abuse of discretion on the part of the trial judge in fixing the fees of counsel for defendant.

█ Complaint is also made of an allowance of $630 fees, and $56.97 expenses, for the services of J. W. Culliton, an auditor employed to audit the accounts of the partnership.

Under an order to show cause the auditor was allowed an original $250 for this work. Plaintiff states that he had paid him $300 for additional work and that counsel for defendant paid him an additional $100. Plaintiff argues that the additional work, for which the allowance questioned here was made, was ordered by counsel for defendant without authorization by the trial court and should be paid by her.

We have already referred to the augmentation of the record

by an order, made with the consent of the parties, which seems to cover this charge and to foreclose the argument contesting this award on the ground that the allowance of the auditor's fees was made in the judgment after the work was performed.

Section 137 of the Civil Code provides in effect that a trial court in its discretion may require the husband or wife to pay the other party any money necessary to prosecute or defend the action. While the fees paid to the auditor seem liberal, the necessity for the audit and the time spent upon it were more apparent to the trial court than they are here. As the question of compensation for the auditor as well as the necessity for the audit (which clearly appears) were matters committed to the discretion of the trial judge, and as no abuse of that discretion has been made to appear, we cannot reverse that portion of the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.