[Civ. No. 16540.   Second Dist., Div. One.   Mar. 2, 1949.]

B. H. BALKEMA, Plaintiff and Respondent, v. WALTER DEICHES, Appellant; MAYME VOLL BALKEMA, Cross-defendant and Respondent.

Ball, Hunt & Hart and S. S. Zagon for Appellant.

Denio, Hart, Taubman & Simpson for Plaintiff and Respondent.

Newton M. Todd, Fred A. Watkins and Lane & Lane for Cross-defendant and Respondent.

DOOLING, J. assigned.—On July 16, 1946, respondent Mayme Voll Balkema and appellant Walter Deiches executed an agreement in writing whereby said respondent sold to appellant a ladies' wearing apparel business known as Gibson's Style Shop located in Long Beach, California, together with the assets and good will thereof. The agreement recites that the seller owns such business and her husband, the other respondent herein, is not mentioned in the agreement of sale as a seller or otherwise and is not a signatory of said agreement. However appended to the agreement of sale and signed contemporaneously therewith by respondent B. H. Balkema appears the following:

"The undersigned, B. H. Balkema, the husband of the Seller, named in the foregoing Agreement, does hereby agree

that he shall not for a period of at least two years from the date hereof, engage, directly or indirectly in any business competitive to the Business being sold by Seller . . . within the corporate limits of the City of Long Beach, California. . . .''

On November 6, 1946, B. H. Balkema filed a complaint for declaratory relief against Deiches seeking a declaration that the above quoted covenant signed by him was illegal and void as in violation of section 16600 of the Business and Professions Code. Deiches filed a cross-complaint in which he prayed that B. H. Balkema be enjoined from engaging in Long Beach in a business competitive with Gibson's Style Shop and also joined Mayme Voll Balkema as a cross-defendant seeking a reformation or rescission of the agreement of sale.

When the case came on for trial it was agreed by all parties that the court should first try the issue of whether B. H. Balkema had a vendible interest in Gibson's Style Shop, it being conceded that if the court found that he had no vendible interest in the business that finding would dispose of the entire litigation. This single issue was tried and the court found that B. H. Balkema had no interest in the business sold to Deiches and accordingly gave judgment for him on his complaint and against appellant Deiches on the cross-complaint.

On this appeal the sole issue presented is whether the evidence supports the finding that B. H. Balkema had no vendible interest in the business sold by his wife to appellant. This question is pointed to section 16600 and 16601, Business and Professions Code, reading:

''§ 16600. Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.''

''§ 16601. Any person who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, or that of said corporation, has been carried on, so long as the buyer, or any person deriving title to the good will or shares from him, carries on a like business therein.''

It is conceded that under section 16600 the covenant of B. H. Balkema not to engage in a competing business in Long Beach is void unless he had a vendible interest in the business of Gibson's Style Shop so as to bring the covenant under the provisions of section 16601.

It is undisputed that at the time of their marriage in 1936 the business was the separate property of Mayme Voll Balkema and that B. H. Balkema had no property interest therein; that commencing about 30 days after their marriage B. H. Balkema was engaged as an employee of his wife in the business and from that time to the date of its sale was paid a salary and bonuses from the business as were all other employees; that he was treated as an employee for the purposes of social security taxes and the federal income withholding taxes; that so far as the books of the business show he never received any part of the profits of the business; and that on March 16, 1937 the Balkemas executed a written contract wherein it was agreed that the business known as Gibson's Style Shop was the separate property of Mayme Voll Balkema and that any subsequent accumulations should also be her separate property.

While the portion of the increment of a business which is the wife's separate property attributable to her labor therein is normally community property (3 Cal.Jur. 10-Yr.Supp., Community Property, § 46, p. 534) a husband may by contract with his wife relinquish his community rights in her earnings so that they thereby become her separate property (3 Cal.Jur. 10-Yr.Supp., Community Property, § 129, pp. 643-4). However appellant argues that the evidence of the conduct of the parties is such as to compel a finding that their marriage contract was later abrogated and the husband actually acquired a community interest in the business. In this regard appellant leans most heavily on the proof that in their federal and state income tax returns for the years 1937 to 1941 the income from the business was returned as community income after capitalizing Mrs. Balkema's business at the date of their marriage at $55,155.62 and allowing 8 per cent of that amount as her separate income from that investment. This evidence was admissible against respondents as an admission against interest. (*Heck* v. *Heck,* 63 Cal.App.2d 470 [147 P.2d 110].) The respondents testified that they had no intention of treating the business or its profits as community property, that they left the preparation of the

income tax returns to their tax adviser and that they signed the returns prepared by him in reliance upon his knowledge of tax affairs; and the tax adviser called as a witness by appellant testified that he prepared the returns in the way that he did without any express directions and presented them to respondents for their signatures without explanation. It was for the trial court to give such weight to this evidence as it saw fit and an appellate court cannot say that the trial court abused its discretion in believing the explanation of the form of these returns given by respondents and their tax adviser and concluding that the respondents did not intend to and did not in fact abrogate their agreement that the earnings from the business should be and remain the separate property of the wife. Appellant stresses other evidence showing that a portion of the household expenses were paid out of earnings of the business; that the upkeep of Mr. Balkema's automobile was paid for by the business; that on buying trips taken by the couple to New York City the business paid all expenses through checks drawn to Mr. Balkema; and that over the years of their marriage Mr. Balkema, who had no property when he was first married, had acquired a considerable holding in cash and securities. These were facts to be weighed by the trial court, but their mere recital shows that the case was one of a substantial conflict of evidence whose resolution by the trial court is conclusive on appeal.

Judgments affirmed.

Doran, Acting P. J., and White, J., concurred.