DAVID H. GREENHOOD *vs.* MALBON G. RICHARDSON & others, trustees.

Suffolk.   January 11, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Equity Pleading and Practice,* Master's report.

A refusal of a master to whom a suit in equity has been referred to make a finding of fact requested affords no ground for an exception.

Where a master in a suit in equity does not report the evidence on which his findings are based, such findings cannot be reversed unless shown by the master's report to be erroneous.

BILL IN EQUITY, filed in the Superior Court on May 23 and amended on June 3, 1916.

The third paragraph of the bill, referred to in the opinion, was as follows:

"3. That on or about the first day of June, 1915, the plaintiff and the defendants Malbon G. Richardson, Theodore R. Bremer, and Clifton L. Bremer trustees under the will of Theodore R. Glover late of Milton, entered into an oral mutual agreement to rebuild and alter the estates numbered 2 and 3 Bulfinch Street, in said Boston in accordance with certain plans and specifications to be approved by the defendant trustees of said estate of Theodore R. Glover late of Milton, and the building department of the city of Boston; that the said defendants then agreed to advance to the plaintiff the sum of $60,000 to be repaid on the completion of said property in accordance with the plans and specifications on the completion of the building on or about the first day of June A. D. 1916; that the defendants further agreed to pay said sum to the plaintiff on or before the first day of June, 1916; that the defendants did agree to assume and pay out of said sum all existing encumbrances now on said premises including the aforesaid first mortgages, $17,000 on [the property] numbered 2 Bulfinch

Street to the Union Institution for Savings; the sum of $10,000 to the Boston Five Cents Savings Bank including accrued interest thereon, and to deduct the sum of $10,600 due said Glover Estate on said second mortgage as aforesaid; and to pay off all outstanding indebtedness due as against said 2 and 3 Bulfinch Street estates and to advance the balance to the plaintiff as needed to pay all necessary bills for goods and materials furnished and for work and labor performed and for the plans and labor and services rendered in the erection, alteration and repair of the premises to the plaintiff the sum of $60,000; and said advancement and conditions of said agreement to be in force and to take effect and to begin immediately on the acceptance and approval of said plans by the city of Boston and that the plaintiff shall remain in possession and control of the aforementioned premises and to personally supervise the erection, rebuilding, alteration and repair of said estates in accordance with the plans and specifications to be made for the erection, rebuilding, alteration and repair of said estate subject to the approval and consent of the defendant trustees and the building department and inspectors of the city of Boston."

The case was referred to a master "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The findings of the master are described in substance in the opinion. The case was heard by *Lawton,* J., upon the plaintiff's exceptions to the master's report. The judge made an order overruling the exceptions and confirming the report. Later the judge made a final decree dismissing the bill; and the plaintiff appealed.

*J. A. McGeough,* for the plaintiff.

*L. Bryant,* for the defendants.

BRALEY, J. The bill is for specific performance of an alleged parol agreement between the plaintiff and the defendant trustees, as set out in the third paragraph of the bill. And, the master having specifically found that the allegations had not been established, the questions as to the foreclosure of the mortgage held by the trustees and the title of the purchaser at the foreclosure sale were rendered immaterial.

It moreover is settled that exceptions do not lie to the failure of a master to make findings of fact requested by the parties, and, unless the evidence is reported, his findings are not reversible

unless shown by the report to be erroneous. *Ginn* v. *Almy*, 212 Mass. 486. *Warfield* v. *Adams*, 215 Mass. 506, 519.

It is pressed in argument that from the history of the relations of the plaintiff and the trustees as narrated by the master, and the plaintiff's continuous occupation of the premises, there must have been some understanding and agreement between them of the nature described in the bill. But the cogency of this argument, even if resting on circumstances favorable to the contention, fails because of the express finding to which we have referred, that on all the evidence the plaintiff had failed to prove the alleged agreement, the existence of which depended on the credibility of the witnesses. The decree must be affirmed with costs.

*Ordered accordingly.*