## GEORGE POULETTE *vs.* NAZAIRE CHAINAY.

Bristol. November 16, 1920. — January 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Partnership. Equity Jurisdiction,* Accounting between partners. *Equity Pleading and Practice,* Exception to master's report.

Where, at the hearing by a master of a suit in equity for a partnership accounting, it appears that both partners were illiterate and that no real system of bookkeeping was employed; that for the whole period of the partnership the books were not continuous, regularly kept, complete nor reliable, which was due to the carelessness or lack of knowledge of the partners, and that, during a time when the plaintiff was absent and the business was in charge of the defendant, the same bookkeeper was employed and the same methods of bookkeeping were adopted as when the business was under the direction and control of the plaintiff, the master properly may refuse to hold the defendant responsible for neglect to keep proper books of account which would show in what way were disbursed daily receipts received by the defendant during the period when the plaintiff was not present to take care of his own interests.

An exception to a refusal of a master to make a certain finding of fact must be overruled where the evidence before the master is not reported.

BILL IN EQUITY, filed in the Superior Court on June 4, 1919, for a partnership accounting.

The suit was referred to a master. Material findings by the master are described in the opinion. The plaintiff's first exception to the master's report, referred to in the opinion, was to his "refusal to hold the defendant responsible for the defendant's neglect to keep proper books of account which would show in what way were disbursed the $42,781.69 daily receipts received by the defendant during the period from March 20, 1918, to November 20, 1918, while the plaintiff was not present to take care of his own interests."

The suit was heard by *Cox,* J., and by his order there were

entered an interlocutory decree overruling exceptions by the plaintiff to the master's report and confirming the report and a final decree directing the payment from the partnership assets of $40.70 to the plaintiff, and of $1,809.69 to the defendant. The plaintiff appealed.

The case was submitted on briefs.

*C. F. Archambault & H. E. Woodward*, for the plaintiff.

*A. Auger*, for the defendant.

CROSBY, J. The plaintiff and the defendant entered into a partnership on March 20, 1915, for the purpose of conducting a retail bakery. The partnership was dissolved by mutual consent on May 16, 1919, and the assets of the firm were transferred to one Balthazar, who was to dispose of them in accordance with an agreement of the parties. The bill is for an accounting. The case was referred to a master, who filed a report; the plaintiff's exceptions thereto have been overruled, the report has been confirmed, and a final decree has been entered in accordance with the findings.

The master found that both partners were illiterate and that no real system of bookkeeping was employed; that the books were not continuous nor regularly kept; that for the whole period of the partnership the books were not complete nor reliable, and that this was due to the carelessness or lack of knowledge of the partners; that during the time the plaintiff was absent and the business was in charge of the defendant, the same bookkeeper was employed, and the same methods of bookkeeping were adopted, as when the business was under the direction and control of the plaintiff. In view of the findings, the plaintiff's first exception cannot be sustained.

The remaining exceptions relate to the failure of the master to make certain findings of fact, and must be overruled. The evidence is not reported, and we cannot revise the findings unless they are shown by the report to be plainly erroneous, which does not appear. *Thompson* v. *Davis*, 225 Mass. 385. *Greenhood* v. *Richardson*, 226 Mass. 208.

The exceptions to the master's report must be overruled, and the decree affirmed with costs.

*So ordered.*