FRANK MANFREDI *vs.* ELIZABETH J. O'BRIEN & another.

Suffolk.   October 5, 1932. — March 31, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Master: report; Parties; Decree. *Corporation,* Officers and agents. *Agency,* Knowledge of agent. *Equity Jurisdiction,* To reach and apply equitable assets.

Although, at the hearing of a suit in equity by a master, it is proper for counsel by way of argument on the facts or as suggestions to submit, and for a master to receive, requests for findings of fact, the master is not bound to make the findings or to state his reasons for not doing so, and no useful purpose is served by annexing such requests to his report with, appended to each request, a specific statement of his disposition thereof, since no valid exception lies to the refusal to find facts as requested; such findings of fact as a master makes should appear in the body of the report. Per DONAHUE, J.

In a suit in equity by a creditor to establish a debt and to reach and apply in satisfaction thereof funds in the hands of a corporation which was mortgagee under a construction mortgage given by the defendant debtor, a master found in substance that twenty-two days after the mortgage was given and seventeen days after a construction contract with the plaintiff was made the defendant debtor assigned his rights under the construction mortgage to his attorney without consideration and afterwards broke his contract with the plaintiff, who, about a month after the assignment, brought the suit; that the attorney, appearing in the suit both for the defendant debtor and for the defendant corporation, stipulated that the defendant debtor, his agents, attorneys and servants would not assign or in any way dispose of his claim under the construction mortgage or any money due or to become due from the defendant corporation, and that the defendant corporation would "not pay any money due or to become due" the defendant debtor; that thereafter the attorney without consideration assigned "his interest, if any, in the payments due or to be due on the construction loan" to one who, he contended orally and for the first time at the time of the entry of the final decree, should be made a party to the suit for the benefit of the defendant corporation. It did not appear that the plaintiff knew of the existence of the assignments until the hearings were in progress before the master. The suggestion of the attorney was not complied with. *Held,* that

(1) The defendant corporation was bound by its attorney's knowledge of the existence of the assignments;

(2) Without the presence of the second assignee as a party, the defendant corporation could raise all the defences which would have been open if that assignee had been joined;

(3) The judge exercised sound judicial discretion in disregarding the belated suggestion of the attorney.

In the suit above described, it appeared that the defendant debtor owed the plaintiff about $293, and that there was due the debtor from the corporate defendant about $2,400. The final decree recited that the defendant corporation had in its possession the sum of $2,400 due the defendant debtor and ordered the defendant corporation to pay the plaintiff out of said sum the amount of the debt established and costs. The defendant corporation appealed. *Held*, that

(1) There was no necessity for the adjudication of the respective rights of the two defendants in that part of the sum of $2,400 which was in excess of the amount of the plaintiff's claim;

(2) The decree should be modified so as to provide that the defendant corporation had in its possession and due the defendant debtor funds in excess of the amount of the established debt owed the plaintiff and costs, and that the defendant corporation pay to the plaintiff out of such funds the amount of that debt with interest and costs, including costs on appeal.

BILL IN EQUITY, filed in the Superior Court on January 16, 1931, and described in the opinion.

The suit was referred to a master. Material findings by him are described in the opinion. By order of *Whiting*, J., there was entered an interlocutory decree confirming the master's report; and, by order of *J. J. Burns*, J., the final decree described in the opinion was entered. The defendant corporation appealed.

*J. Stone*, for the defendant Segel & Ostrovitz Company, Incorporated.

*S. Tangusso*, (*C. H. Selant* with him,) for the plaintiff.

DONAHUE, J. This is a bill to reach and apply, in satisfaction of a debt owed by the defendant O'Brien to the plaintiff, moneys held by the defendant Segel & Ostrovitz Company, Incorporated, as mortgagee under a construction mortgage given by the defendant O'Brien. The case comes to this court on the appeal of the defendant corporation from a final decree entered on a master's report. No question is now raised as to the propriety of that portion of the decree which establishes the debt of the defendant O'Brien to the plaintiff in the sum of $293 with interest. The decree further recites that the defendant corporation "has in its possession the sum of $2,400 due defendant, Elizabeth J. O'Brien" and orders the defendant corporation to pay the

plaintiff out of said sum the amount of the debt established and $61.85 as costs.

The order of reference to the master required him "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request." The report in this case was unnecessarily made long and complicated by the master's annexation of seventeen requests for findings of fact made by the plaintiff and nineteen such requests made by the defendant O'Brien, and by his appending to each request specific findings or a statement of his refusal to make findings. The ascertainment of what the master actually found requires a critical comparison of findings appearing in the body of the report with those scattered among the requests, and the analysis with some nicety of the effect of the categorical denial of certain requests on findings stated by the master in the report. Although it is proper for counsel by way of argument on the facts or as suggestions to submit, and for a master to receive, requests for findings of fact, the master is not bound to make the findings or to state his reasons for not doing so. *Warfield* v. *Adams*, 215 Mass. 506, 519. *Tuttle* v. *Corey*, 245 Mass. 196, 203. No useful purpose is served by annexing such requests to a master's report since no valid exception lies to the refusal to find facts as requested. *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258, 262, and cases cited. *Greenhood* v. *Richardson*, 226 Mass. 208. Such findings of fact as a master makes should appear in the body of the report.

The defendant corporation contends that the decree was improperly entered because one Edith M. O'Brien was not made a party to the proceedings. The consideration of this contention requires the recital of some of the facts found by the master. On November 20, 1930, the defendant O'Brien gave a mortgage to the defendant corporation in the sum of $13,000 on a lot of land owned by her on which she proposed to build a house, the principal sum being payable in instalments as the work progressed. On November 25 she made an oral contract with the plaintiff whereby he was to furnish the labor for the building of a

cellar and other masonry construction. Shortly after that date the plaintiff began the performance of his contract. On December 12 the defendant O'Brien made an assignment to her attorney David E. Newman of "all payments due or to be due her under the construction mortgage." There was no consideration for the assignment. She thereafterwards broke her contract with the plaintiff and on January 16, 1931, he brought this bill in equity. On January 20, Mr. Newman as attorney for both defendants signed a stipulation, filed in court, which provided that the defendant O'Brien, her agents, attorneys and servants would not assign or in any way dispose of her claim under the construction mortgage or any money due or to become due from the defendant corporation. The stipulation further provided that the defendant corporation would "not pay any money due or to become due" the defendant O'Brien. On February 16 Mr. Newman assigned "his interest, if any, in the payments due or to be due on the construction loan" to Edith M. O'Brien as to whom all that appears is that she is the daughter of the defendant O'Brien. This assignment also was without consideration.

There is nothing in the record to indicate that the plaintiff knew of the existence of the assignments until the hearings were in progress before the master. Although it does not appear that the assignees ever gave formal notice of the assignments to the defendant corporation or made any demand upon it for payments, the finding was warranted that the defendant corporation had constructive or imputed knowledge of their existence. The authority of Mr. Newman to appear for the defendant corporation in this suit has not been questioned nor have his acts in its behalf as its attorney been repudiated. He himself was the assignee at the time he entered an appearance for the defendant corporation, signed the stipulation in its behalf and filed its answer. Shortly afterwards he assigned any interest he had to Edith M. O'Brien. The defendant corporation was bound by its attorney's knowledge of the existence of the assignments. *Ratshesky* v. *Piscopo*, 239 Mass. 180. *Sartwell* v. *North*, 144 Mass. 188. *Haven* v. *Snow*, 14 Pick.

28.   The defendant corporation if it had seen fit might have raised the question of the nonjoinder of the assignee in its answer or by filing a plea. *Jewett* v. *Tucker,* 139 Mass. 566, 578. This it did not do. Without the presence of the assignee as a party it could raise all the defences which would have been open if the assignee were joined. *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233, 235. In lieu of an injunction protecting the plaintiff, who had no knowledge of the assignment, the defendant corporation with such knowledge stipulated that it would make no payments to the defendant O'Brien, a stipulation which from the master's findings it apparently did not perform. It preferred to keep secret the fact of the assignments and, although all that definitely appears about them is that they were given without consideration, it now seeks to avoid the final decree because of the absence of the last assignee as a party. Under the circumstances here appearing the judge exercised sound judicial discretion in disregarding the belated suggestion of the defendant corporation orally made at the time of entry of the final decree that for its benefit the assignee Edith M. O'Brien be made a party. *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569. *Schwoerer* v. *Boylston Market Association,* 99 Mass. 285, 295. *Evans* v. *Wall,* 159 Mass. 164, 168.

The defendant corporation further contends that the findings of the master did not warrant the entry of a final decree providing that the debt established as due the plaintiff be paid out of moneys in its hands. The master found as of a time about a year after the beginning of the construction of the building on which the mortgage to the defendant corporation was given, that the building was practically completed, that since the commencement of this action several instalments on the construction mortgage had become due from the defendant corporation to the defendant O'Brien, that all payments under the construction mortgage were made to the defendant O'Brien with the exception of $2,400 which sum is still in the hands of the defendant corporation, and that the plaintiff is entitled to recover the reasonable value of the work and labor he furnished. This being a bill

to reach and apply where the existence of funds of the defendant corporation applicable to the payment of the debt owed the plaintiff is essential to the plaintiff's right to recover, the judge was warranted, in the absence of anything of a contrary indication, in interpreting the above findings as meaning that there were funds in the hands of the defendant corporation then due the defendant O'Brien sufficient to satisfy the debt established as due the plaintiff. The final decree, however, in its recital that the entire sum of $2,400 in the hands of the defendant corporation was due the defendant O'Brien, went farther than was required. There is here no necessity for the adjudication of the respective rights of the two defendants in that part of the sum of $2,400 which is in excess of the amount of the plaintiff's claim. That portion of the decree which refers to the defendant corporation should be modified so as to provide that the defendant Segel & Ostrovitz Company, Incorporated, has in its possession and due the defendant Elizabeth J. O'Brien funds in excess of the amount of the established debt owed the plaintiff and costs, and that the defendant Segel & Ostrovitz Company, Incorporated, pay to the plaintiff out of such funds the amount of the established debt due the plaintiff with interest, to be computed from January 16, 1931, including in the costs the costs on this appeal. As so modified the decree is affirmed.

*Ordered accordingly.*