261 P.2d 438

**DALE v. DALE.**
**No. 5662.**

Supreme Court of New Mexico.

Sept. 9, 1953.

Rehearing Denied Oct. 14, 1953.

594

Robert W. Ward, Lovington, for appellant.

Donald S. Bush, Artesia, for appellee.

COMPTON, Justice.

The parties entered into a partnership to operate a sawmill near Mayhill. Difficulties arose and appellant instituted this action for a dissolution of the partnership and for an accounting.

It is charged that appellee, as managing partner, has converted the partnership funds to his own use, and that he has failed to keep an adequate partnership account.

The charges are denied, nevertheless, appellee concedes the partnership should be dissolved. From a judgment against him, appellant seeks a review here.

The findings material to a decision, are:

"3. That shortly after the formation of the partnership and the commencement of the logging and lumber operations, the managing partner employed his wife, Lois Dale, as cook for loggers who resided at the logging camp deep in the mountains and away from public lodging; and that a part of her duties were to keep the camp site clean, to wash for the loggers, to clean out the cabins used by the help employed at the lumber mill, to figure board feet of lumber sold, and to keep the accounts of the partnership to the best of her ability, for the sum of $25.00 a week.

"7. Lois Dale kept a crude record in the nature of a cash book showing the amounts of money paid out and received. Part of the accounts were paid by check; part of the accounts were paid by cash. Tickets for withdrawals made by the defendant in the nature of advances from his share of partnership assets were kept in boxes and not in a current condition insofar as an account was concerned between the defendant and the partnership.

"8. From the receipts, checks, invoices and records kept by Lois Dale, one L. A. B. Parker, Certified Public Accountant, was able to and did set up a report of the financial condition of the partnership and charged therefor the sum of $780.44, which sum is a reasonable charge for services rendered."

The first question posed is whether the managing partner may employ his wife as an employee of the partnership without the consent of other partners. It is argued that as a result of our community property statute, § 65–401, 1941 Comp., the earnings of the wife Lois Dale belong to the community; hence, appellee would be receiving additional compensation indirectly without a contract so to do. As an abstract proposition of law the point is well made. A managing partner is not entitled to compensation for services rendered by him in the absence of an agreement therefor, § 18(f) Ch. 37, Laws 1947, § 70–133, 1941 Sup. The statute is merely declaratory of the common law. But Lois Dale was employed by agreement of the parties. The parties agreed appellee might employ whomsoever he wished. She and appellant discussed the matter of her working for the partnership and appellant told her to go ahead and work at the mill and to keep the partnership books. She informed him that she would expect a salary for her services, to which he agreed. These facts show a mutual intention to pay for the exceptional services of Mrs. Dale. See Sbar-

baro v. Rosa, 48 Cal.App.2d 584, 120 P.2d 151; and Taylor v. Ragland, 42 La.Ann. 1020, 8 So. 467.

 An accountant, by agreement of counsel and with the approval of the court, made an audit of the books of the partnership and his charges therefor are $780.44. Appellant excepts to the allowance of the claim against partnership assets. He insists the claim should be paid by appellee because he failed to keep proper accounts of the partnership. It is the duty of a managing party to keep true and correct books of accounts showing the firm business and render a full and complete account of all transactions relating to partnership affairs; however, this rule is not without its exceptions. In determining whether the managing party has properly performed his duties in keeping accounts, the court may consider the nature of the business; the intellectual ability of the partners; and the place or condition under which the work is to be performed. We start with the admitted fact, both parties are illiterate. They went no further than the first grade in school. Appellee cannot read and is unable to write legibly a fact known to appellant. It was at appellant's suggestion that Lois Dale agreed to keep the books for the partnership. The business was limited to logging camps remote in the mountains. Conveniences ordinarily accessible to bookkeepers were not available. Under such circumstances the rule is relaxed.

Poulette v. Chainay, 236 Mass. 602, 129 N.E. 290; Bracht v. Connell, 313 Pa. 397, 170 A. 297. That the parties themselves fully appreciated their own limitations and the difficulties to be encountered, is shown by the stipulation signed by them, as follows:

"* * * that such accountant, * * *, make a complete audit of the books and records of the partnership from the inception of the partnership down to the date of the formal accounting submitted by defendant, such audit to be developed as a formal partnership accounting for use in winding up the affairs of the partnership and in connection therewith both parties are hereby ordered and directed to deliver to such accountant all books, records and other data that such accountant may from time to time request.

"* * * that in the event it is ultimately determined that the defendant has at all times during the existence of the partnership kept adequate books of accounts considering *the nature of the business, education of the respective parties, the scope of the business and the fact that the business was a partnership business* then and in that event plaintiff shall pay the fees of such accountant charged for keeping the books, records, handling the receipts and disbursements of the partnership and making the audit of the

books and records of such partnership as hereinabove provided." (Emphasis ours.)

The trial court found the record kept by Lois Dale, though crude, was sufficient to enable the auditor to set up a report of the financial affairs of the partnership. Evidence of a substantial character supports the finding. The audit was obviously made for the benefit of the partnership, therefore the claim is a proper charge against the partnership.

■■ Exceptions were made to the auditor's report. At first the auditor refused to approve numerous items of expenditures made by appellee, for which appellee claimed credit, because they were not supported by cancelled checks or invoices. Subsequently, there were submitted to him checks, invoices and *affidavits* for the purpose of showing payment of a major portion of the items previously suspended, after which they were approved by him and allowed by the court as partnership expenditures. It is argued that the correctness of the audit could not be thus established. The argument has merit. Error was committed in sustaining such items of the audit as are supported by the use of affidavits. The managing partner who keeps the books will be held to strict proof of the items of his accounts and such items cannot be thus established. The fallacy in the use of affidavits to support an audit, obviously, is a denial of the right of cross-examination. Also, the use violates the hearsay evidence rule. A new trial will be granted as to those items, and appellee will be given an opportunity to have his testimony and such other testimony as may be available to him, considered by the court in determining whether payments of the contested items have in fact been made. The cost will be divided equally between the parties.

■ Assigned as error is the refusal of the court to adopt certain requested findings and conclusions. This claim requires but little consideration. Where the evidence is conflicting, the refusal to make findings and conclusions favorable to the unsuccessful party cannot be sustained as error.

The judgment will be affirmed in part and in part reversed. It will be reversed as to the items of the audit supported by affidavits and in other respects, affirmed. And It Is So Ordered.

McGHEE, LUJAN and SEYMOUR, JJ., concur.

SADLER, C. J., absent from state and not participating.