318 P.2d 1116

**Willard ROGERS, Appellant,**

**v.**

**F. A. STACY, Appellee.**

No. 6246.

Supreme Court of New Mexico.

Dec. 3, 1957.

318

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellant.

Bean, Osborn & Snead, Roswell, for appellee.

McGHEE, Justice.

This case involves amounts claimed under an agreement dissolving the Pecos Ready-Mix Concrete Co., a partnership.

In 1953 the appellant, Rogers, and appellee, Stacy, formed a partnership making appellant the sole manager of the business. Because of disagreements over business policy, in October of 1955, the partners agreed that Stacy would purchase Roger's interest for book value. An audit was made revealing Roger's interest to be approximately $24,000 but the sale was never consummated. In February of 1956, after further difficulties, Rogers wrote to Stacy offering to sell his interest for book value as found by a continuation of the original audit. This second audit revealed that appellant's interest had depreciated to $18,384.42. Rogers, unhappy with the result of the audit, finally agreed to accept $18,500 for his interest.

In March of 1956, the Bureau of Revenue assessed the appellee $2,222.92 of which $420.65 was attributable to a deficiency between 1953 and 1956 in the normal 2% sales tax and $1,802.27 was attributable to an additional ½% processing or manufacturing tax, which liability had not appeared

in the audit. The lower court found that Mr. Rogers was liable for one-half of $2,222.92 as he had full charge of all books and records and had been advised that a claim was being made against the partnership and, therefore, should have listed this liability on the books. In addition, the court awarded appellee one-half of $516.93, an amount owed by the partnership to Roy V. Tyner and Farm Equipment Company for work done during January and February, which did not appear as owing on the company's records, but which appellant knew was owing.

The appellant urges that the statements made by appellant, if misrepresentations, were misrepresentations of law and not of material fact, and, if misrepresentations of fact, were not justifiably relied on, and that the sale was a lump sum sale, unrelated to book value.

■ The fallacy in appellant's argument that these misrepresentations are not actionable lies in his considering the partners as strangers and their transaction as arms-length buying and selling, when the opposite is true. A trust relation exists among partners, Gillet v. Chavez, 1904, 12 N.M. 353, 78 P. 68 and it is the duty of a managing partner to keep true and correct books of accounts showing the firm business and render a full and complete account of all transactions relating to partnership affairs. Dale v. Dale, 1953, 57 N.M. 593, 596, 261 P. 2d 438.

"The general rule that the utmost good faith is required of partners in their relationship with each other, and that, since each is the confidential agent of the other, each has a right to know all that the others know and each is required to make full disclosure of all material facts within his knowledge in any way relating to partnership affairs, is held almost universally to apply in the case of a sale by one partner to another of his interest in the partnership." 120 A.L.R. 724, 725.

■ The partnership relationship is further defined in the Uniform Partnership Act which has been adopted by New Mexico.

"Partners shall render on demand true and full information of all things affecting the partnership to any partner or the legal representation of any deceased partner or partner under legal disability." 66–1–20, NMSA 1953.

Therefore, apart from the requirements of the partner's agreements was an underlying duty imposed by law upon all partners because of their confidential relationship to be completely honest, open, and fair.

The appellant admits that he advised the appellee that the claim had been settled, but the appellant argues that this was a representation of law and not of fact, and in any event, was not justifiably relied upon because both parties had an equal opportunity

to determine the applicability of the tax. The appellant cites many cases, none of which are useful to us, because they involve arms-length buying and selling and not a sale by one in a confidential relationship which is very different.

■ It is a question of law whether or not the tax is applicable, but a statement that the tax was settled is a statement of fact, particularly when made by the one who was supposedly negotiating the settlement. However, even if such a statement is considered one of law, there is a recognized exception to the general rule that misrepresentations of law are not actionable, which exception makes such misrepresentations actionable when the parties occupy a fiduciary relationship or where one party has a superior means of information. Bank of America v. Sanchez, 1934, 3 Cal. App.2d 238, 38 P.2d 787; Bagby v. Martin, 1926, 118 Okl. 244, 247 P. 404; Holt v. Gordon, Tex.Civ.App.1915, 176 S.W. 902. In this case we have both a confidential relationship and appellant's superior knowledge as the managing partner, which prevented Stacy from having an equal opportunity to determine the facts.

"* * * The rule of good faith precluding a partner from obtaining any advantage over a co-partner in partnership affairs by the slightest concealment, misrepresentation, threat, or adverse pressure of any kind is especially required to be observed when one partner is trying to get rid of another. * * *." 120 A.L.R. 724.

■ Therefore, Rogers owed Stacy, his partner, a duty to disclose and make a record for the auditor of every partnership transaction that would affect the audit. His failure to do so constitutes constructive fraud.

"Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud." Scudder v. Hart, 1941, 45 N.M. 76, 82, 110 P.2d 536, 539; In re Trigg, 1942, 46 N.M. 96, 105, 121 P.2d 152.

Roger's failure to make these notations on the firm's records was a breach of the legal duty he owed his partner and was a violation of a private confidence and constitutes constructive fraud.

A debit voucher was issued against the partnership by the Bureau of Revenue on October 7, 1955, and in the ordinary course of business a copy would have been mailed to the partnership, although the mailing was not proven. Mr. Rogers testified that he never saw the voucher, but he could not say that it had not been received in his

office. During the trial Rogers testified "I knew there was a question of the thing [the tax] * * *", yet in appellant's brief he admits that he told Stacy that the matter was settled. Appellant and his lawyer made many trips to Santa Fe to discuss the tax, and even if appellant thought it was not owed, he had the duty to disclose the possibility of the tax liability since it so materially affected the audit, and in no event, was he warranted in representing that the matter was settled.

In regard to the Tyner and Farm Equipment bills there is little evidence in the record. It is not clear from the record when Mr. Norris received bills for these services, but it is undisputed that he knew the bills were owing and knew that they were not listed on the books. Although Mr. Stacy was to pay outstanding liabilities, Mr. Rogers could not avoid listing known liabilities to increase the book value of his interest.

Rogers, the managing partner, who hired his own bookkeeper, and employed his wife to keep daily records, is charged with the duty of keeping complete records and making a full disclosure. Because of Roger's failure to give the auditor a complete record, Stacy paid more than Rogers' interest was worth, and it is now necessary that Stacy be repaid so that he pay no more than the actual book value as per the parties' agreement.

Appellant lastly argues that the sale was not based on book value. On February 21, 1956, Rogers wrote a letter to Stacy saying "said sale to be made at book value, and you are to pay me for my interest as revealed by the books * * *." The fact that Rogers' interest was not sold at the exact figure shown on the audit does not mean it was not a sale at book value.

The appellant cites Branch v. Walker, 1952, 56 N.M. 594, 247 P.2d 172, to show that the sale was a sale in gross. However, there the court said whether it was a sale in gross or per acre depends on the intention of the parties. To look at the intention of the parties here, we see that the prior written agreements and all negotiations were based upon book value. If book value was repudiated, we see no evidence of any new agreement or any mutual recission of the old agreement. If book value was completely unacceptable to the appellant as the selling price, he would not have settled on a price only 1.6 per cent more than book value, which rounded off an odd number of dollars and cents into an even number. The facts point to only one conclusion, and that is that the sale was to be made for the book value of Roger's interest. Here we have a situation where a partner, disappointed with the auditor's figure tries to get more than he had originally agreed to accept. The fact that the buying partner pays the additional amount to appease a disgruntled partner and to

**322**

bring to an end a troubled partnership does not mean that the original agreement was repudiated.

We are bound by the trial court's findings when supported by substantial evidence. Taylor v. Sarracino, 1940, 44 N.M. 469, 104 P.2d 742. There is ample evidence to support the findings of the trial court, and the judgment of the lower court is affirmed.

It is so ordered.

LUJAN, C. J., SADLER and COMPTON, JJ., and J. V. GALLEGOS, District Judge, concur.