424

329 P.2d 439

**Harry F. GRANGER, Plaintiff-Appellant,**

**v.**

**Troy CAVINESS, W. H. Shafer and Ray Zumwalt, Board of County Commissioners, and John W. Lewis, Jr., Defendants-Appellees.**

**No. 6358.**

Supreme Court of New Mexico.

Aug. 25, 1958.

J. S. McCall, Carlsbad, for appellant.

Charles A. Feezer, Carlsbad, for appellees.

LUJAN, Chief Justice.

This is a suit for specific performance of a written contract for the sale of land. The complaint alleges that defendants-appellees, acting in their capacity as Commissioners for Eddy County, sold two lots to plaintiff-appellant for the sum of $300. Appellant made a down payment of $30 and thereafter made a $27 payment. He subsequently tendered the balance of $243 which was refused by the Board of County Commissioners.

In 1947 appellant moved onto lot 6, Block K, South San Jose, Eddy County, New

Mexico, and built a house thereon. In 1953 a Mr. Rodriguez moved onto the adjoining lot (No. 7) and in 1954 he built a house on this lot. Both lots 6 and 7 belonged to Eddy County.

In November of 1955 appellant spoke to Mr. Lewis, Eddy County Surveyor, about purchasing lots 6 and 7 and was advised to appear at a meeting of the Board of County Commissioners to discuss the matter. A meeting was held on November 7, 1955, and appellant attended accompanied by an acquaintance, Mr. Thompson. A Mr. Mendosa was also present. The testimony is conflicting as to what was said at the meeting concerning the occupancy of lot 7. Witnesses Caviness and Lewis testified that appellant repeatedly informed the Board that lot 7 was not occupied by anyone. Appellant denied that he had so stated, and witnesses Thompson and Mendosa recalled no such statements by him.

After the meeting a contract for the sale of lots 6 and 7 was drawn up and signed by appellant and Mr. Lewis, the latter acting as agent for the county. Witnesses Lewis and Caviness testified that they later learned that lot 7 was occupied by Mr. Rodriguez, and therefore refused to accept further payments from appellant.

The trial court concluded that the contract was procured by appellant by means of false representations to the Commissioners to the effect that lot 7 was unoccupied. The decree ordered specific performance of the contract as to lot 6 but not as to lot 7.

It is the opinion of this court that portion of the contract in question relating to lot 7 is contrary to the public policy of Eddy County, and hence is unenforceable. Davis v. Savage, 50 N.M. 30, 168 P.2d 851.

The trial court's findings of fact Nos. 2 and 3 are as follows:

"That subsequent to the flood of 1941 the Board of County Commissioners, through John F. Lewis, Jr., County Surveyor, has made it a practice to sell lots above the flood line, owned by the County, to persons who have been residing on those lots as squatters, or who have been residing upon them without authority from the County Commissioners or other authorized persons."

"It has been the policy of the County Commissioners not to sell the lots for speculative purposes, and not to dispossess persons who have been living upon any particular lot by the sale of that lot to another person."

Both of the above findings of fact are supported by substantial evidence. Witness Lewis, County Surveyor, and witness Caviness, County Commissioner, testified at length regarding this practice and policy of Eddy County. Such findings will not be disturbed on appeal. Rogers v. Stacy, 63

N.M. 317, 318 P.2d 1116; State ex rel. Bliss v. Davis, 63 N.M. 322, 319 P.2d 207.

The trial court's second conclusion of law is as follows:

"That it would be inequitable to require the County Commissioners to sell to Granger the lot not occupied by him with his dwelling, which had been occupied by Mr. Rodriguez prior to the 7th day of November, 1955."

Appellant contends that the trial court's holding cannot be "grounded on public policy for public policy to be recognized by the courts must be established by and derived from the constitution of a state, its laws and judicial decisions." It is unnecessary to decide the correctness of this contention inasmuch as the public policy here involved is grounded on § 15–36–1, NMSA, 1953 Compilation. This section sets out the powers of counties, and one such express power is the right

"To sell and convey any real or personal estate owned by the county and make such order respecting the same *as may be deemed conducive to the interests of the inhabitants.*" (Emphasis added.)

The record is replete with evidence that Eddy County has a long established policy of selling certain county-owned lots located above the flood line to persons residing thereon, having impliedly, if not expressly, deemed it conducive to the interests of the inhabitants to do so. Such a practice is not only reasonable, it is commendable.

As appellant points out, public policy may change. A future Board of County Commissioners for Eddy County (or even the same Board) may change the present policy of conveying certain county-owned lots to persons residing thereon. In the future it may not be deemed conducive to the interests of the inhabitants to do so. But we have no such case here. The Board had not changed its policy. It simply was not in possession of all the facts, and there is substantial evidence to support the trial court's finding that this unawareness resulted from non-disclosure or misrepresentations by appellant. The Board only refused to perform when it subsequently learned that Mr. Rodriguez, rather than appellant, was occupying lot 7. Performance of the contract would have the automatic effect of dispossessing Mr. Rodriguez —a result which the established policy of Eddy County seeks to prevent.

Since the contract in question, insofar as it relates to lot 7, is contrary to public policy and hence unenforceable, it is unnecessary to consider other claimed errors.

The judgment of the lower court must be affirmed.

It is so ordered.

McGHEE, COMPTON and SHILLINGLAW, JJ., concur.

SADLER, J., not participating.