427 P.2d 666

Sylvia Ann GILON and Jack Hillson, Plaintiffs-Appellants,

v.

Henry C. FRANCO, Defendant-Appellee.

No. 8196.

Supreme Court of New Mexico.

May 15, 1967.

Julius Wollen, Albuquerque, for appellants.

Keleher & McLeod, Russell Moore, Michael L. Keleher, Albuquerque, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

A collision between two automobiles at an intersection in Albuquerque provided the basis for this action to recover damages.

The trial court heard the testimony of the plaintiff, Gilon, the testimony of the defendant called by the plaintiff as an adverse witness and the police officer who investigated the accident. At that point, the plaintiff announced rest. The defendant then moved to dismiss the plaintiffs' complaint and the complaint in intervention filed by the defendant's insurer. The court sustained the motion and the plaintiffs bring this appeal.

The appellants state that the error of the trial court in making its Finding of Fact No. 2 and Conclusion of Law No. 2 requires reversal. The Finding and Conclusion complained of are as follows:

"2. Both parties were negligent in that neither maintained a proper lookout."

"2. Both parties were negligent, therefore, the complaint and the complaint in intervention will be dismissed and that each party shall bear his own costs."

■ At the outset we recognize that the trial court, being the trier of the facts, has the power of applying its own judgment and may grant or deny a motion to dismiss. Section 21–1–1(41) (b), N.M.S.A., 1953. Hickman v. Mylander, 68 N.M. 340, 362 P. 2d 500. Further, the trial court when ruling on a motion to dismiss made at the close of the plaintiff's case, is not required to view the plaintiff's testimony together with all reasonable inference therefrom in its most favorable aspect for the plaintiff, but rather that the trial court weighs the testimony and applies its judgment thereto. Hickman v. Mylander, supra; Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438.

■ Having noted the power and duty of the trial court in a situation such as the one here presented we next turn to the function of this court. In Manufacturers and Wholesalers Indemnity Exchange v. Valdez, 75 N.M. 363, 404 P.2d 562, we recently reiterated the well-established rule that findings of the trial court supported by substantial evidence will not be disturbed on appeal. Further, where the evidence is conflicting, it is not the function of this court to weigh the evidence or the credibility of the witnesses but to resolve the conflicts in favor of the successful party

788

and to indulge all reasonable inferences in support of the judgment.

■ The ultimate fact found by the trial court and here attacked is that both drivers were negligent in that neither maintained a proper lookout. The testimony was brief and may be further summarized with exactitude. The plaintiff, Sylvia Gilon, stopped at the intersection with her car headed north. She looked to her right and saw a blue car believed by her to be going south at the next intersection to her right. The block on her right was a short block. She then looked to her left and saw a brown car approaching toward her from the west with its right turn signal on. After the brown car turned she proceeded north without again looking to her right. The front wheels of the plaintiff's vehicle had almost reached the north boundary of the intersection when her car was struck by the car driven by the defendant. The defendant travelling approximately 31 miles an hour in a 25 mile per hour zone left skid marks for approximately 37 feet immediately before the impact. The defendant testified that he did not see the plaintiff's vehicle until it was several feet inside the intersection, and that he was approximately 30 feet from the intersection at that time.

In Ortega v. Koury, 55 N.M. 142, 227 P.2d 941, we declared it to be the duty of a motorist to keep a lookout and actually see what is in the street that he is using, and that a failure to do so constitutes negligence. Here both drivers failed to comply with this requirement and the trial court properly found both of them to have been negligent. Accordingly, the appellant is not entitled to the comfort she seeks from Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960.

The appellant not only contends that the trial court erred in making the finding of fact and conclusion of law previously set forth in this opinion, but makes the further contention that the trial court committed reversible error in refusing to adopt certain of the appellant's requested findings of fact and conclusions of law. In Dale v. Dale, 57 N.M. 593, 261 P.2d 438 we stated:

"* * * This claim requires but little consideration. Where the evidence is conflicting, the refusal to make findings and conclusions favorable to the unsuccessful party cannot be sustained as error."

See also Varney v. Taylor, 77 N.M. 28, 419 P.2d 234.

The finding of the trial court was based on substantial evidence. The order dismissing the plaintiff's complaint and the complaint in intervention will be affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.