MAY J. WAUGH *vs.* UTICA MUTUAL INSURANCE COMPANY & others
(and two companion cases [1]).

Suffolk.   December 9, 1970. — December 30, 1970.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Insurance,* Fire insurance: fraud on insurer. *Equity Pleading and Practice,* Master: findings, rulings of law. *Interest.*

In a suit in equity by the insured under an insurance policy to recover for the loss by fire of her property, which was examined the day following the fire by an agent of the insurer, findings by a master respecting full cooperation and assistance rendered to the agent by the plaintiff and unwarranted conduct of the insurer "in not adjusting the loss" impelled a conclusion that there was no merit in a contention by the insurer that the plaintiff was barred from recovery because of alleged fraud in overvaluing her property. [479–480]

A master to whom a suit in equity was referred was not obliged to grant requests which asked for specific findings of fact or for rulings of law. [480]

Where the insurer under a fire insurance policy was found liable to the insured for a fire loss at the trial together of three suits in equity by claimants under the policy, and the insurer lacked a substantial defence and had displayed dilatory tactics in adjusting the loss, there was no abuse of discretion on the part of the trial judge in allowing interest from the date of the filing of the earliest suit, notwithstanding an order issued therein restraining the insurer from paying the insured or any other person "its obligation under the . . . policy." [480]

THREE BILLS IN EQUITY filed in the Superior Court, one on November 29, 1967, one on March 1, 1968, and one on June 11, 1968.

---

[1] The companion cases are: 1st Local Mortgage, Inc. *vs.* May J. Waugh, Warren F. Waugh, and Utica Mutual Insurance Company, and City Bank and Trust Company *vs.* May J. Waugh, Warren F. Waugh, and Utica Mutual Insurance Company.

The suits were heard by *Sullivan,* J., on a master's report.

*Hugh L. Moore, Jr.,* for Utica Mutual Insurance Company.

*Arthur S. Hill* for Hudson Cooperative Bank.

*Martin S. Rosenblatt* for May J. Waugh.

*Jack B. Levenson,* for 1st Local Mortgage, Inc., submitted a brief.

TAURO, C.J. By this bill of complaint Mrs. Waugh (the plaintiff) seeks to recover for a fire loss on a policy issued by the defendant Utica Mutual Insurance Company (Utica). The other defendants are mortgagees of the property: Hudson Cooperative Bank, first mortgagee; 1st Local Mortgage, Inc., second mortgagee; and City Bank and Trust Company, third mortgagee. The mortgagees were restrained from foreclosing pending determination of the plaintiff's suit.

The three cases were tried together before a master who found that the plaintiff was entitled to a total of $40,375 for the fire loss and $3,230 as interest. The master made other findings determining the respective interests of the mortgagees in the proceeds of the policy. In each case, an interlocutory decree was entered in the Superior Court confirming the master's report, and subsequently a final decree was entered in accordance with the master's findings. Utica appeals from the interlocutory decrees and the final decrees.

Utica argues three points. (1) That the plaintiff is barred from recovery because of alleged fraud in overvaluing her property; (2) that the master failed to act on Utica's request for rulings; and (3) that the master erroneously computed interest as of November 29, 1967.

1. The master found that the premises were examined the day following the fire by one Stewart, an agent of Utica, and that the plaintiff and her husband fully cooperated with Stewart and answered all his questions with complete candor, including inquiries regarding values, that every assistance requested by Stewart was afforded him by the plaintiff and that the "conduct of Utica in not adjusting the loss . . .

[was] unwarranted, unreasonable, without any justification and created an undue hardship upon . . . its assured." In view of these findings we conclude that Utica's first contention is without merit.

2. Utica complains that the master did not grant its "request for rulings.' Four of these (nos. 2, 4, 5 and 6) asked for specific findings of fact, and the others were requests for rulings of law. There was no obligation on the part of the master to grant them. *Manfredi* v. *O'Brien,* 282 Mass. 458, 460. *Sprague* v. *Rust Master Chem. Corp.* 320 Mass. 668, 677.

3. The master allowed interest on the amount due the plaintiff from November 29, 1967, the date of the filing of the 1st Local Mortgage case, the first of the three cases tried and presented together on appeal. The Superior Court agreed and also added interest to the date of the final decree. Utica objects on the ground that an order was issued in the 1st Local Mortgage case restraining Utica from paying the plaintiff or any other person "its obligation under the . . . policy." This court has allowed interest in cases in equity from the date of the filing of the bill. *Young* v. *Winkley,* 191 Mass. 570, 575–576. The question before us is whether the court erred in allowing this interest in view of the restraining order. We feel that there was no abuse of discretion. The absence of a substantial defence and Utica's dilatory tactics in adjusting the fire loss were underscored in the master's report. There can be no doubt that the order restraining Utica from paying the fire loss would have been vacated had Utica offered to make payment to the parties claiming under the policy. We do not think that Utica should be permitted the free use of money which should have been paid to the plaintiff within a reasonable time after the fire loss. Utica is obligated to pay interest from November 29, 1967, to the date of our order. *J. J. Struzziery Co.* v. *A. V. Taurasi Co. Inc.* 342 Mass. 113.

In each case the interlocutory and final decrees are affirmed with double costs of appeal.

*So ordered.*