575 P.2d 950

**Mario DiGESU and Catherine DiGesu, Plaintiffs-Appellees,**

v.

**Wilfred WEINGARDT, Defendant-Appellant.**

No. 11578.

Supreme Court of New Mexico.

March 14, 1978.

Wollen & Segal, Sylvain Segal, Jr., Albuquerque, for defendant-appellant.

Branch & Coleman, Turner W. Branch, Arthur H. Coleman, Rhonda P. Backinoff, Albuquerque, for plaintiffs-appellees.

## OPINION

EASLEY, Justice.

Mario DiGesu and Catherine DiGesu, plaintiffs-appellees, (DiGesu) brought a declaratory judgment action against Wilfred Weingardt, defendant-appellant, (Weingardt) to void a partial lease of a liquor license. The trial court granted summary judgment for DiGesu. Weingardt appeals. We affirm.

### Issue

The issue is whether the parties, in splitting the liquor license and operating separate establishments on adjoining premises under a lease agreement, were in violation of the state regulation requiring that a license be leased in its "entirety," thus making the lease void as being against public policy.

### Facts

DiGesu, as holder of the liquor license, entered into a lease agreement with Weingardt, as lessee, on May 1, 1971, purporting to lease to him a part of his New Mexico Liquor Dispenser's License No. 787 in Cedar Crest, New Mexico, for two years with two options to renew. On February 4, 1976, just prior to Weingardt exercising the second option, DiGesu notified Weingardt by letter of various alleged violations of the lease agreement which he asserted constituted a breach of the agreement and for which he threatened suit to terminate the lease.

On February 24, 1976, DiGesu filed suit seeking a declaratory judgment that the lease agreement was null and void as a result of Weingardt's alleged breach. Weingardt answered and counterclaimed. Then DiGesu filed a motion for summary judgment on April 20, 1977, alleging that the lease was void as illegal and against public policy because it reserved to DiGesu the right to use the license on a portion of the premises not used by Weingardt. Therefore failed to lease "all" of the license to Weingardt as required by Regulation 13(G) of the New Mexico Department of Alcoholic Beverage Control (A.B.C.). The district court granted the motion for summary judgment.

### Regulation Versus Lease

Regulation 13(G), *supra,* states:

A Licensee, desiring to designate an Agent Lessee to operate the liquor license shall file with the Director, Department of Alcoholic Beverage Control, his request for the approval of such designation which shall include all of the information concerning the proposed Agent Lessee as is required of an applicant for a liquor license and a certified true copy of the lease agreement. *The lease agreement must contain provisions that the license is leased in its entirety.* (Emphasis supplied).

The lease agreement provided in its paragraph numbered XXII, *inter alia,* that:

Lessee further covenants and agrees that the Lease herein granted covers use of such license on the premises described * * * above. *Lessor specifically reserves the right to use such license on the remaining designated premises,* to-wit, all recreational area encompassed in the "original designation of premises" on file with the Liquor Control Division of the Bureau of Revenue of the State of New Mexico. (Emphasis supplied).

The clear intent of the A.B.C. regulation is to prevent the split use of a single liquor license, since such splitting would be, among other things, an obvious way to circumvent § 46–5–24, N.M.S.A. 1953, which

imposes a limit on the number of liquor licenses allowed in this state. The A.B.C. regulation, therefore, manifests the public policy of this state. Contracts in violation of the public policy of the state cannot be enforced. *Granger v. Caviness,* 64 N.M. 424, 329 P.2d 439 (1958); *Davis v. Savage,* 50 N.M. 30, 168 P.2d 851 (1946). The lease involved herein is void as against public policy.

 The lease is, moreover, not severable. The obligations under the lease are not divisible from the obligations under the reservation clause. There is absolutely no indication in the language used by the parties that they intended the lease agreement to be severable and the intent of the parties, as ascertained from the express language used in the lease, controls. *Leonard v. Barnes,* 75 N.M. 331, 404 P.2d 292 (1965). We cannot attempt to make the lease legal by deleting the paragraph containing the reservation clause, since to do so would be to change that obvious express intent. This Court's duty is confined to interpretation of the contract made by the parties and we will not alter their intent or make a new agreement for them by rewriting the contract. *Kimberly, Inc. v. Hays,* 88 N.M. 140, 537 P.2d 1402 (1975); *Leonard v. Barnes, supra; Davies v. Boyd,* 73 N.M. 85, 385 P.2d 950 (1963); *Sanders v. Freeland,* 64 N.M. 149, 325 P.2d 923 (1958); *Fuller v. Crocker,* 44 N.M. 499, 105 P.2d 472 (1940). We hold, as a matter of law, that the lease agreement was not intended by the parties to be severable. *Arrow Gas Company of Dell City, Texas v. Lewis,* 71 N.M. 232, 377 P.2d 655 (1962). *See Prudential Insurance Company of America v. Anaya,* 78 N.M. 101, 428 P.2d 640 (1967).

Since the lease is void ab initio as a matter of law, there is no room for this Court to consider enforcing it in any way by the use of our equitable powers.

Weingardt's claim that the district court lacked jurisdiction because the action herein amounted to an appeal from an administrative action has no merit.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and FEDERICI, J., concur.